No. 91,915

ERIC AND RYAN MONTOY, *et al.*, *Plaintiffs/Appellees*, v. STATE OF KANSAS, *et al.*, *Defendants*.

KANSANS FOR THE SEPARATION OF SCHOOL AND STATE, *Proposed Intervenor/Appellant*.

(102 P.3d 1158)

Opinion filed January 3, 2005.

*Alan L. Rupe*, of Kutak Rock LLP, of Wichita, argued the cause, and *Richard A. Olmstead*, of the same firm, and *John S. Robb*, of Somers Robb & Robb, of Newton, were with him on the brief for appellees Eric and Ryan Montoy, *et al.*

*Ira Dennis Hawver*, of Ozawkie, argued the cause, and *Bret D. Landrith*, of Topeka, was with him on the brief for proposed intervenor/appellant Kansans for the Separation of School and State.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Kansans for the Separation of School and State appeals from the district court's memorandum decision and order denying its motion to intervene. An order denying an application to intervene is a final appealable order. *State ex rel. Stephan v. Kansas Dept. of Revenue*, 253 Kan. 412, Syl. ¶ 1, 856 P.2d 151 (1993).

The sole issue we must decide is whether the district court abused its discretion in denying appellant's motion to intervene.

On December 18, 2003, appellant filed a motion to intervene in *Montoy v. State*, Shawnee County District Court Case No. 99-C-1738. In a memorandum decision and order that was filed February 13, 2004, the trial court denied intervention. Appellant filed its notice of appeal on March 1, 2004.

Intervention is a matter of judicial discretion. *Mohr v. State Bank of Stanley*, 244 Kan. 555, 561, 770 P.2d 466 (1989). Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 44, 59 P.3d 1003 (2002).

K.S.A. 60-224 (a) provides:

"Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter substantially impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Appellant sought to intervene under subsection (2), claiming an interest relating to the property or transaction that is the subject of the action. The district court denied appellant's motion to intervene for the following reasons:

"The Kansas Supreme Court set forth three factors that must be present to allow intervention: '(1) timely application; (2) a substantial interest in the subject matter; and (3) lack of adequate representation of the intervenor's interests.' *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663[, 722 P.2d 1093] (1986). '[A] prospective party's untimely application to intervene in an action is the same as voluntarily declining to intervene. . . .' *Davis v. Prudential Property and Casualty Ins. Co.*, 961 F. Supp. 1496 (D. Kan. 1997).

"Kansans for the Separation of School and State had ample opportunity to file a motion to intervene prior to trial in this matter. This action has been pending for nearly five years. The facts have already been heard and determined in this action. A preliminary interim order was entered by this Court on December 2, 2003. This party did not file their motion to intervene until December 18, 2003. All that remains is to determine a proper remedy. As the motion to intervene is untimely, the Court hereby denies the request.

"Additionally, the motion is denied because Kansans for the Separation of School and State improperly state that their members have property interests in the State of Kansas 'relating to the property or transaction which is the subject of the action.' To the contrary, there is no property or transaction that is the subject of this matter. This Court's preliminary order contains no directive that the Legislature raise property taxes statewide. In addition, the Court's preliminary order does not set forth an amount . . . which the Legislature must provide to adequately fund schools. The Court merely set forth the facts. Until July 1, 2004, it is up to the executive and legislative branches to devise a remedy to these constitutional deficiencies."

Appellant relies on *Moyer v. Board of County Commissioners*, 197 Kan. 23, 415 P.2d 261 (1966), for the proposition that posttrial intervention is timely. Appellant's reliance on *Moyer* is misplaced. *Moyer* stands for the principle that intervention may be timely even after judgment *if* the party who represented the intervenor-applicant's interest at trial refuses to appeal, see 197 Kan. 23, Syl. ¶ 3, in which case the intervenor's interest would no longer be adequately represented by an existing party. In *Hukle v. City of Kansas City*, 212 Kan. 627, Syl. ¶ 3, 512 P.2d 457 (1973), the court held that "[t]he requirement for 'timely application' to intervene in an action as that term is used in K.S.A. . . . 60-224(a) has no application until such time as adequate representation ceases."

In the present case, the district court made no determination about the adequacy of the representation of appellant's interest. Appellant contends that it is "without adequate representation by the state, which like the governor, politically benefits from losing this action and suddenly, in a single blow accumulating wealth, power and patronage that doubles what it has taken generations to confiscate from Kansans democratically." Appellant's argument seems to be that it opposes a tax increase to finance schools but the State of Kansas favors an increase. The legislature's rejection of all proposals for tax increases to finance schools in its last session, however, demonstrates that appellant's position is adequately represented by the State.

In *Hukle*, the court stated that the right to intervene under K.S.A. 60-224(a) depends on the concurrence of (1) a timely application, (2) a substantial interest in the subject matter, and (3) a lack of adequate representation of the intervenor's interests. 212

Kan. at 630-32. Without a showing of inadequate representation, there can be no concurrence of the three factors.

Here, although the trial court was silent on the issue, appellant failed to show a lack of adequate representation of its interest in the appeal. Thus, the motion to intervene was not timely.

If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground or assigned erroneous reasons for its decision. *Bergstrom v. Noah*, 266 Kan. 847, 875-76, 974 P.2d 531 (1999).

Affirmed.

LUCKERT, J., not participating.

CHRISTEL E. MARQUARDT, J., assigned.