CORRECTED OPINION

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,908

LUKE GANNON, BY HIS NEXT FRIENDS AND GUARDIANS, *et al.*,
*Appellees*,

v.

STATE OF KANSAS; RON ESTES, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL
CAPACITY AS KANSAS STATE TREASURER; AND JIM CLARK, IN HIS OFFICIAL CAPACITY
AS SECRETARY OF THE KANSAS DEPARTMENT OF ADMINISTRATION,
*Appellees.*

SHAWNEE MISSION SCHOOL DISTRICT NO. 512,
*Proposed Intervenor/Appellant.*

SYLLABUS BY THE COURT

1.

Decisions on intervention as a matter of right and permissive intervention are both reviewed for abuse of discretion.

2.

Intervention as a matter of right depends on the concurrence of three factors: (1) timely application, (2) a substantial interest in the subject matter of the litigation, and (3) inadequate representation of the intervenor's interests by the parties.

3.

The requirement for "timely application" to intervene has no application under K.S.A. 2014 Supp. 60-224(a)(2) until such time as adequate representation ceases.

4.

If a trial court reaches the right result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision.


Appeal from Shawnee District Court; FRANKLIN R. THEIS, ROBERT J. FLEMING, AND JACK L. BURR, judges. Opinion filed September 21, 2015. Judgment of the district court panel is affirmed.

*Tristan L. Duncan* and *Zach Chaffee-McClure*, of Shook, Hardy & Bacon L.L.P., of Kansas City, Missouri, were on the brief for appellant Shawnee Mission Unified School District No. 512.

*Alan L. Rupe*, *Jessica L. Skladzien*, and *Mark A. Kanaga*, of Lewis Brisbois Bisgaard & Smith LLP, of Wichita, and *John S. Robb*, of Somers, Robb & Robb, of Newton, were on the brief for plaintiffs/appellees.

*Stephen R. McAllister*, solicitor general, was on the brief for defendant/appellee State of Kansas.

*Stephen Phillips*, assistant attorney general, appeared for defendant/appellee Ron Estes.

*Daniel J. Carroll*, Kansas Department of Administration, appeared for defendant/appellee Jim Clark.

The opinion of the court was delivered by

NUSS, C.J.: This is an appeal by Shawnee Mission School District No. 512 (U.S.D. 512) from the district court panel's denial of its March 2, 2015, motion to intervene in *Gannon v. State*, No. 2010-CV-1569 (Shawnee Cty. Dist. Ct. April 20, 2015) (Order on U.S.D. 512's Motion to Intervene). The Plaintiffs in the underlying "school finance" case—currently on appeal to this court in Case No. 113,267—continue to oppose U.S.D. 512's entry into that litigation. The State, former Secretary of Administration Jim Clark, and State Treasurer Ron Estes generally do not object to U.S.D. 512's participation.

The panel denied the motion to intervene under the standards for both intervention as a matter of right and permissive intervention. It concluded (1) U.S.D. 512's interests were adequately represented by the State and (2) the motion was untimely.

The issue before this court is whether the panel abused its discretion in denying U.S.D. 512's motion to intervene. A motion to intervene under either the intervention as a matter of right or permissive standard can be defeated by untimely application. And we conclude U.S.D. 512's motion was untimely. Accordingly, we hold the panel did not abuse its discretion in denying the motion.

*Standard of review and general principles of law*

K.S.A. 2014 Supp. 60-224 allows for two types of intervention: intervention as a matter of right and permissive intervention. To intervene as a matter of right, an applicant's motion "must" be granted if it

"claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter substantially impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." K.S.A. 2014 Supp. 60-224(a)(2).

Conversely, a court "may" grant a motion for permissive intervention when the applicant "has a claim or defense that shares with the main action a common question of law or fact." K.S.A. 2014 Supp. 60-224(b)(1)(B). Whether intervention is sought as a matter of right or permissively, it must be sought in a timely manner. K.S.A. 2014 Supp. 60-224(a), (b)(1).

Intervention as a matter of right and permissive intervention are both reviewed for abuse of discretion. See *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, 533, 216 P.3d 158

(2009); *Montoy v. State*, 278 Kan. 765, 766, 102 P.3d 1158 (2005) (citing *Mohr v. State Bank of Stanley*, 244 Kan. 555, 561, 770 P.2d 466 [1989]). The abuse of discretion standard is well known:

> "Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011) (citing *State v. Gonzalez*, 290 Kan. 747, 755-56, 234 P.3d 1 [2010]), *cert. denied* __ U.S. __, 132 S. Ct. 1594, 182 L. Ed. 2d 205 (2012).

When reviewing discretionary action, the court considers underlying legal standards. Which standard the court applies depends on the arguments raised. See *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 (2007). Here, U.S.D. 512 contends the panel's conclusion that the State adequately represented its interests is not supported by substantial competent evidence—*i.e.*, the panel's action was based on an error of fact. So we review the panel's findings to see if they are supported by substantial competent evidence. And if they are not, they cannot support the panel's conclusion. See *Ward*, 292 Kan. at 550.

*Discussion*

We first consider whether U.S.D. 512 should have been granted intervention as a matter of right under K.S.A. 2014 Supp. 60-224(a). This right depends on the concurrence of three factors:  (1) timely application, (2) a substantial interest in the subject matter of the litigation, and (3) inadequate representation of the intervenor's interests by the parties. *McDaniel v. Jones*, 235 Kan. 93, 106-07, 679 P.2d 682 (1984) (citing *Hukle v. City of Kansas City*, 212 Kan. 627, 630, 512 P.2d 457 [1973]).

4

We have held that K.S.A. 2014 Supp. 60-224(a) is to be liberally construed in favor of intervention. See, *e.g.*, *Roberts v. Krupka*, 246 Kan. 433, 443, 790 P.2d 422 (1990) (citing *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. 1, 11, 687 P.2d 603 [1984]. And we have held "'[t]he requirement for "timely application" to intervene in an action as that term is used in K.S.A [2014 Supp.] 60-224(a) has no application *until* such time as adequate representation ceases.'" (Emphasis added.) *Montoy v. State*, 278 Kan. 765, 767, 102 P.3d 1158 (2005) (quoting *Hukle*, 212 Kan. 627, Syl. ¶ 3).

The panel implicitly found U.S.D. 512 had a substantial interest in the subject matter of the litigation when it held that interest was adequately represented by the State. And the Plaintiffs do not dispute U.S.D. 512 has such an interest. U.S.D. 512 and the Plaintiffs disagree, however, as to whether the other two factors are met. As set forth below, we agree with U.S.D. 512 that its interests are not adequately represented by the parties. But we disagree that it timely filed its motion to intervene.

*The parties do not adequately represent U.S.D. 512's interests in this case.*

This court has held "the interests of the existing parties and the party seeking intervention need not be wholly adverse before there is a basis for concluding that existing representation of a different interest may be inadequate." *McDaniel*, 235 Kan. at 109.

The panel found U.S.D. 512's interests were adequately represented by the State because both wished "to preserve its status quo." Specifically, both wished to preserve the entire education funding formula adopted during the 2015 legislative session. But U.S.D. 512 contends it did not wish to preserve the status quo. Rather, it sought a change to the formula not requested by either party—the elimination of the cap on the local

option budget (LOB). We agree, and conclude the State does not adequately represent U.S.D. 512's interests.

The panel did not consider whether the Plaintiffs adequately represented U.S.D. 512's interests. U.S.D. 512 concedes it shares an interest with the Plaintiffs in increased funding, *i.e.*, adequacy. But it contends their interests diverge on equity and the Plaintiffs therefore do not adequately represent its interests in the litigation. Generally, the Plaintiffs request that more state financial aid be distributed to their districts and other similarly situated districts. But U.S.D. 512 contends that the distribution of these funds actually exacerbates inequities between districts like itself and those like the Plaintiffs. We agree with U.S.D. 512 that its interests regarding equity are not aligned with the Plaintiffs' and therefore conclude the Plaintiffs do not adequately represent U.S.D. 512's interests.

*U.S.D. 512's motion to intervene was untimely.*

Generally speaking, timeliness is a flexible standard that cannot be judged in a vacuum but rather is to be determined from all the circumstances. *Mohr v. State Bank of Stanley*, 244 Kan. 555, 562, 770 P.2d 466 (1989) (citing *NAACP v. New York*, 413 U.S. 345, 366, 93 S. Ct. 2591, 37 L. Ed. 2d 648 [1973]). And as mentioned, the requirement for timely application to intervene under K.S.A. 2014 Supp. 60-224(a) "'has no application until such time as adequate representation ceases.'" *Montoy*, 278 Kan. at 767 (quoting *Hukle*, 212 Kan. 627, Syl. ¶ 3). So our inquiry here focuses on when U.S.D. 512 had notice its interests may not have been adequately represented by the parties.

U.S.D. 512 argues the need for intervention did not arise until January 27, 2015, when the Plaintiffs filed their motion to alter/amend the panel's previous judgment regarding equity. In that motion, the Plaintiffs asked the panel for an injunction requiring

6

the State to "[s]how cause as to why the Panel should not enjoin the operation of the local option budget funding mechanism."

U.S.D. 512, which relies heavily on LOB funding, contends it was not aware its funding might be in jeopardy until the Plaintiffs made that January 27 request. But, as the Plaintiffs observe, the possibility of such an injunction was raised by this court in *Gannon* almost a full year before U.S.D. 512 moved to intervene on March 2, 2015. There we held on March 7, 2014: "If the panel then determines those inequities [regarding the LOB funding mechanism] are not cured, *it should enjoin operation of the local option budget funding mechanism, K.S.A. 2013 Supp. 72-6433 and 72-6434*, or enter such other orders as it deems appropriate." (Emphasis added.) *Gannon v. State*, 298 Kan. 1107, 1199, 319 P.3d 1196 (2014).

So even if U.S.D. 512 did not know its interests would not be adequately represented at trial in the summer of 2012, it at least should have known when *Gannon* was released in March 2014 that its interests might not be adequately represented in the remedy stage. So we conclude its motion to intervene 1 year later was untimely.

The panel reached the wrong conclusion when it determined U.S.D. 512's interests were adequately represented by the State. But we conclude the panel did not abuse its discretion in denying U.S.D. 512's motion to intervene as a matter of right. As the panel recognized, U.S.D. 512's motion was untimely. See K.S.A. 2014 Supp. 60-224(a) (motion to intervene as a matter of right must be timely); see also *Montoy*, 278 Kan. at 768 ("If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground or assigned erroneous reasons for its decision.").

The panel also did not abuse its discretion in denying U.S.D. 512's application for permissive intervention. No one disputes U.S.D. 512 "has a claim or defense that shares with the main action a common question of law or fact." K.S.A. 2014 Supp. 60-

7

224(b)(1)(B). But its motion was untimely. See K.S.A. 2014 Supp. 60-224(b)(1) (motion for permissive intervention must be timely).

Given our holding, we remind U.S.D. 512 of our previous order: "If this court affirms the district court panel's denial of U.S.D. 512's motion to intervene, nothing shall prevent U.S.D. 512 from filing a brief as an *amicus curiae* in the equity portion of the main *Gannon* appeal under Supreme Court Rule 6.06 (Kan. Ct. R. Annot. 49)." Supreme Court Order of August 31, 2015, at 2.

The panel's judgment denying U.S.D. 512's motion to intervene is affirmed.

Beier and Stegall, JJ., not participating.

David L. Stutzman, District Judge, and Michael J. Malone, Senior Judge, assigned.[1]

---

[1] **REPORTER'S NOTE:** District Judge Stutzman and Senior Judge Malone were appointed to hear case No. 113,908 vice Justice Beier and Justice Stegall respectively under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution and by K.S.A. 20-2616.