NOT DESIGNATED FOR PUBLICATION

No. 114,377

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BENJAMIN BURDICK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI A. BOLTON FLEMING, judge. Opinion filed October 21, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Lee J. Davidson*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*: Benjamin Burdick appeals the district court's denial of his K.S.A. 60-1507 motion. Finding no error, we affirm.

FACTS

On April 2, 2009, Benjamin Burdick was convicted by a jury of one count of manufacture of a controlled substance; one count of possession of ephedrine; one count of possession of methamphetamine; one count of possession of marijuana; one count of possession of drug paraphernalia; one count of use of drug paraphernalia; and two counts

1

of aggravated endangering of a child. He was sentenced to 324 months' imprisonment for manufacture of a controlled substance with his sentences for all other counts running concurrent thereto, resulting in a total controlling sentence of 324 months' imprisonment.

The vast majority of the evidence used against Burdick at trial resulted from a search of his residence conducted pursuant to a search warrant. The warrant was obtained by Senior Special Agent Shawn Campiti of the Kansas Bureau of Investigation. Campiti obtained information from Matthew Hood, a known methamphetamine user, indicating Burdick had been manufacturing and distributing methamphetamine from his home. Hood also named several other individuals involved in Burdick's operation. Campiti verified Burdick lived at the address Hood provided, and he conducted surveillance to corroborate Hood's statements. Campiti checked the pseudoephedrine logs from the local Walmart pharmacy and discovered several of the names Hood had given him appeared on the log. He also ran criminal history checks on the individuals and found they had numerous convictions for drug-related crimes. Campiti also discovered Burdick had two prior drug-related arrests.

Campiti applied for a search warrant of Burdick's home and provided a supporting affidavit. A judge issued the warrant, and Campiti and other law enforcement officers executed the search. During the course of the search, the officers found evidence relating to the manufacture of methamphetamine and other drug-related activity. Two minor children were present in the home at the time of the search.

Prior to trial, Burdick filed a motion to suppress evidence obtained as a result of the execution of the search warrant. The motion alleged there was insufficient evidence to establish probable cause, the search warrant was based on faulty or incorrect information, there was no indication of the informant's reliability, and the issuing judge was misled by Campiti's affidavit. Burdick requested an evidentiary hearing and obtained a subpoena to call Hood to testify. The State moved to quash the subpoena arguing Burdick could not

impeach a nongovernment agent in challenging the search warrant. Hood had not been served with the subpoena and did not appear at the evidentiary hearing. The district court denied the State's motion to quash as moot and proceeded with the motion hearing without taking evidence. Burdick's counsel did not request a continuance of the hearing and had not complied with the procedures required for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). Specifically, the motion was filed without an accompanying affidavit alleging a materially false statement or omission by Campiti. The court denied Burdick's motion to suppress.

*Burdick's direct appeal*

Burdick appealed his conviction and sentence to this court, arguing: (1) the district court erred in denying his motion to suppress evidence found in a search of his residence and (2) the district court violated his constitutional rights by using his prior convictions to double his presumptive prison sentence. This court held Burdick's challenge to the sufficiency of the affidavit in support of the search warrant could not be considered because Burdick had failed to include it in the record on appeal. Further, this court found no error as to his claim of an unconstitutional sentence. See *State v. Burdick*, No. 103,006, 2010 WL 5185782, at *1 (Kan. App. 2010) (unpublished opinion).

*Burdick's K.S.A. 60-1507 claim*

Burdick filed his original K.S.A. 60-1507 motion on August 18, 2011, setting forth claims for ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and insufficient evidence to convict him of child endangerment. Burdick sought leave to amend his motion more than 2 years after he initially filed it. On November 15, 2013, he filed a motion requesting to add an affidavit from his father and letters from his appellate counsel as exhibits in support of his motion. On March 11, 2014, he filed a second motion requesting to add an affidavit from Sarah Venturella and letters to and

from appellate counsel as exhibits in support of his motion. An evidentiary hearing was held on January 6, 2015. On May 5, 2015, the district court issued its order denying Burdick's motion on all claims. Burdick has timely appealed this denial.

ANALYSIS

Burdick's first contention on appeal is that his trial counsel was deficient for failing to follow the procedure set forth in *Franks* when challenging the affidavit in support of the search warrant. Burdick argues he received ineffective assistance of counsel and is therefore entitled to a new trial.

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. When the district court conducts a full evidentiary hearing on such claims, the appellate court determines whether the district court's findings are supported by substantial competent evidence and determines whether its factual findings support its legal conclusions. The appellate court reviews the district court's conclusions of law de novo. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) defense counsel's performance was deficient under the totality of the circumstances and (2) prejudice, *i.e.*, there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). To properly evaluate Burdick's claim of ineffective assistance of counsel, this court must look at the applicable legal standards concerning a motion to suppress evidence under *Franks*, 438 U.S. 154.

An affidavit in support of a search warrant is presumed valid. An evidentiary hearing is required if a defendant shows by a sworn allegation that an affidavit in support of a search warrant is unreliable in that it:  (1) contains statements that are material to the

4

issuance of the search warrant because the statements were necessary to find probable cause and (2) the material statements (a) were a deliberate falsehood, (b) were made in reckless disregard for the truth, or (c) deliberately omitted a material fact. Allegations of negligence or innocent mistakes are insufficient. *Franks*, 438 U.S. at 155-56, 171; *State v. Adams*, 294 Kan. 171, 179, 273 P.3d 718 (2012); *State v. Francis*, 282 Kan. 120, 128, 145 P.3d 48 (2006). A defendant is only entitled to a *Franks* hearing where the affiant whose statements are being challenged is a government agent. *State v. Jensen*, 259 Kan. 781, 789, 915 P.2d 109 (1996).

Burdick's trial counsel clearly did not follow the procedure necessary for a *Franks* hearing as there was not an accompanying affidavit or sworn allegation filed with the motion to suppress. However, counsel is only deficient if the *Franks* procedure should have been followed in the first place. As noted above, a defendant may only use a *Franks* hearing to challenge the statements made by a government agent. *Franks* is therefore inapplicable to statements made by nongovernment informants.

Here, Burdick was not alleging a materially false statement or omission or a reckless disregard for the truth by Campiti; rather, Burdick was challenging the statements made by Hood to Campiti as being materially false. At best, Burdick alleges a lack of due diligence or thoroughness in Campiti's investigation or the omission of extraneous details in the affidavit, but allegations of mere negligence are not enough to warrant a *Franks* hearing. *Francis*, 282 Kan. at 128.

A *Franks* hearing was not warranted based on the grounds alleged in Burdick's motion to suppress; therefore, his counsel was not deficient for failing to take the steps to secure one. Because Burdick's trial counsel's performance was not deficient, there can be no prejudice. The district court did not err.

5

Burdick's second complaint in this appeal alleges that his appellate counsel on the direct appeal of his convictions was ineffective for failing to include the search warrant in the record on appeal.

To establish ineffective assistance of counsel on appeal, a defendant must show that (1) counsel's performance, under the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness and (2) the defendant was prejudiced to the extent there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Sola-Morales*, 300 Kan. at 882.

Burdick alleges his appellate counsel should have included the search warrant affidavit in the record on appeal, thus precluding this court from reviewing the sufficiency of the search warrant. The district court found appellate counsel's performance was deficient but held Burdick was not prejudiced because the affidavit sufficiently established probable cause to issue the search warrant.

The district court was correct in finding appellate counsel's performance deficient by omitting the affidavit, but we need not delve into a comprehensive analysis of appellate counsel's performance to reach the merits of the issue. In fact, an appellate court may proceed to the second prong of the *Strickland* analysis without reaching the first if doing so will intelligently resolve the issue. See *Edgar v. State*, 294 Kan. 828, 843, 283 P.3d 152 (2012) (citing *Strickland*, 466 U.S. at 697). In order to determine whether Burdick was prejudiced by appellate counsel's performance, we start our analysis by looking to the applicable legal standards regarding a challenge to the sufficiency of a search warrant.

In reviewing whether an affidavit in support of a search warrant supplies probable cause, a judge must consider the totality of the circumstances presented and make "'a practical, common-sense decision whether a crime has been or is being committed and

whether there is a fair probability that contraband or evidence of a crime will be found in a particular place.' [Citation omitted.]" *State v. Mullen*, 304 Kan. 347, 353, 371 P.3d 905 (2016).

> "'When an affidavit in support of an application for a search warrant is challenged, the task of the reviewing court is to ensure the issuing magistrate had a substantial basis for concluding probable cause existed. This standard is inherently deferential. It does not demand that the reviewing court determine whether, as a matter of law, probable cause existed; rather, the standard translates to whether the affidavit provided a substantial basis for the magistrate's determination that there is a fair probability that evidence will be found in the place to be searched. Because the reviewing court is able to evaluate the necessarily undisputed content of an affidavit as well as the issuing magistrate, the reviewing court may perform its own evaluation of the affidavit's sufficiency under this deferential standard.' [Citation omitted.]" 304 Kan. at 353.

The search warrant affidavit here provided a substantial basis for the issuing magistrate judge to find probable cause. Our standard of review does not compel this court to perform a hyper-technical analysis of the information contained in Campiti's affidavit; rather, this court's review is inherently deferential. See *Mullen*, 304 Kan. at 353. Burdick argues the affidavit failed to establish probable cause, but the errors he alleges do not undermine the issuing magistrate judge's probable cause finding.

In his brief, Burdick argues Campiti failed to conduct an adequate investigation. He alleges Campiti provided an unreasonable basis for believing Hood was reliable, as Campiti's basis for believing so was that Hood admitted to being a methamphetamine addict. Burdick fails to explain how these alleged errors undermine the issuing magistrate judge's findings. He provides no pertinent caselaw or authority in support of his argument. An argument not briefed is deemed waived and abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Failure to support an argument with citations of pertinent authority or show why it is sound despite a lack of pertinent authority or in

the face of contrary authority is akin to failing to brief the issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). Because Burdick has failed to argue the point or support it with pertinent authority, we deem the issue waived and abandoned.

In any event, a thorough review of the search warrant affidavit shows the issuing magistrate judge had a substantial basis to find probable cause to issue the warrant. Contrary to Burdick's present contentions or the arguments he raised at trial and on direct appeal, the affidavit was not deficient or misleading. Campiti's investigation was sufficient, and the information Hood provided was sufficiently corroborated so as to render reliance thereon objectively reasonable.

Because the affidavit established probable cause there is no reasonable probability the outcome on direct appeal would have been different had Burdick's appellate counsel included the search warrant affidavit in the record on appeal. The district court did not err.

Burdick's final argument is that the evidence presented at trial was insufficient to support his two convictions for aggravated child endangerment. At the outset, we would note there was substantial confusion concerning the nature of Burdick's dilatory motions to amend his K.S.A. 60-1507 motion. Both parties and the district court seemed to treat the motions as proposed amendments to the issues, when in actuality they were clearly mere requests for the district court to consider additional exhibits in support of the issues he had already raised when he filed the motion in August 2011. The district court ultimately ruled that the attempts to amend the motion were untimely and did not sufficiently relate back to Burdick's original claim in his motion, but the record does not clearly support this finding. Adding to the overall confusion, in its ruling the district court incorrectly referred to the disputed charges as "aggravated indecent liberties" convictions rather than aggravated child endangerment.

After denying the proposed amendments, the district court dismissed the motion, finding that trial counsel was not ineffective for failing to follow the procedure required by *Franks*, because "[a] reasonable attorney would not have filed a *Franks* motion under these circumstances." Additionally, the court held that Burdick had failed to show a reasonable probability that the evidence obtained as a result of the warrant would have been suppressed by a properly filed motion. Thus, any possible ineffectiveness did not affect the outcome of the case because a challenge to the search warrant would have been unsuccessful.

As for the substance of his claims, Burdick argues the district court erred by not allowing him to amend his motion to include a claim for ineffective assistance of counsel based on trial counsel's failure to challenge the sufficiency of the evidence relating to his aggravated child endangerment convictions.

We need not reach the merits of this issue because a challenge to the sufficiency of the evidence is not an appropriate claim in a K.S.A. 60-1507 proceeding. *Rocha v. State*, No. 90,118, 2004 WL 117363, at *1, 3 (Kan. App. 2004) (unpublished opinion). Criminal defendants may not use a K.S.A. 60-1507 motion to raise arguments that could have been but were not raised on direct appeal. Kansas Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 271). A challenge to the sufficiency of the evidence is a claim that could have and should have been raised on direct appeal. *Rocha*, 2004 WL 117363, at *3. Burdick has not provided any explanation for why the argument was not raised on direct appeal, and he does not argue appellate counsel was ineffective for failing to raise the issue.

If the district court reaches the correct result, its decision will be upheld on appeal even though it relied upon the wrong ground or assigned erroneous reasons for its decision. *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015). Here, the district court found Burdick's attempt to amend his K.S.A. 60-1507 motion was untimely and did

9

not sufficiently relate back to his original claim. As noted above, although not entirely clear, the evidence in the record on appeal does not appear to support the district court's findings. Nonetheless, we affirm the district court's decision because it reached the correct result, albeit for the wrong reason. Burdick's claim could not be brought in a K.S.A. 60-1507 proceeding; therefore, it was correct for the district court to deny his claim.

Affirmed.