NOT DESIGNATED FOR PUBLICATION

Nos. 114,136
115,335

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MIKE C. MATSON,
*Appellant*,

v.

STATE OF KANSAS *ex rel*.
RAY ROBERTS, Secretary of KANSAS DEPARTMENT OF CORRECTIONS,
*Appellees*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; LARRY D. HENDRICKS, judge. Opinion filed July 28, 2017. Affirmed.

*Mike C. Matson*, appellant pro se.

*Fred W. Phelps, Jr.*, legal counsel, of Kansas Department of Corrections, for appellees.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*:  This consolidated appeal arises out of two separate lawsuits filed pro se by Mike C. Matson, a prisoner in the custody of the Kansas Department of Corrections (KDOC), against Ray Roberts, the Secretary of the KDOC (Secretary), and the State of Kansas. The district court granted the Secretary's motions to dismiss in both cases.

With regard to district court case No. 12-C-1273, we find that the district court lacked subject matter jurisdiction since there is no private cause of action for the statutory violation claimed by Matson. This case was properly dismissed.

1

With regard to district court case No. 2014-CV-617, Matson's factual allegations, construed most favorably to him, fail to establish his alleged claim of breach of contract. This case was also properly dismissed.

Therefore, for the reasons set forth hereinafter, we affirm both judgments of the district court.

*Factual and Procedural Background*

Matson's first case was originally filed in Butler County District Court, but venue was later transferred to Shawnee County District Court. He thereafter filed the second case in Shawnee County District Court. The numerous filings and proceedings are summarized as follows.

*Case No. 12-C-1273*

On July 8, 2011, Matson filed a petition in Butler County District Court case No. 2011-CV-0285, arguing that various named defendants violated state law from 1998-2010 by misappropriating funds from the Inmate Benefit Fund (IBF) in excess of $75,000. He requested reimbursement of the funds as well as punitive damages. At that time, Matson was confined at the Norton Correctional Facility. He named each of the wardens at each of the KDOC correctional facilities as defendants, alleging that the wardens all removed money from the IBF accounts to cover the costs of housing, security, and control as well as the basic needs of housing inmates, which should have been paid for out of the KDOC budget. He also named the Kansas Department of Administration (KDOA) as a defendant alleging that the KDOA was legally responsible for the requests for withdrawal from the IBF. Additionally, Matson named as defendants Sam Brownback, Governor of Kansas; Dennis Taylor, Secretary of the KDOA; and Ray Roberts, Secretary of the KDOC. In his petition, Matson alleged that he exhausted his

2

administrative remedies by utilizing the grievance procedure at the prison. Matson also filed a motion for a preliminary injunction and a motion for a preliminary and permanent injunction and temporary restraining order.

Over the next nearly 3 years, Matson filed several amended petitions, and he and the various defendants filed numerous pleadings including answers, motions to dismiss, motions for default judgment, and other motions and pleadings seeking various other forms of relief. Eventually, all of the originally named defendants were dismissed from the proceedings, except for the KDOC and its Secretary.

In June 2012, Matson submitted his written request for the actual amount of money damages being sought against the defendants. He requested $3 million be awarded to him and deposited into the IBF as reimbursement of all the misappropriated funds from 1998-2012. He also sought punitive damages of $6 million. These amounts were alleged against each defendant jointly and severally, which he argued meant he was actually requesting $12 million in compensatory damages and $24 million in punitive damages.

The district court held hearing on July 11, 2012. At that time, Matson was transported to court from Ellsworth Correctional Facility (ECF). The district court discussed Matson's many motions to amend and how the defendants needed one coherent amended petition that would allow them to respond. Matson agreed to file a third amended complaint so the KDOC could answer.

Matson eventually filed his third amended petition on September 26, 2012, which listed as defendant only the State of Kansas *ex rel.* Ray Roberts, Secretary of the Kansas Department of Corrections. This petition, by its caption and content, sought an accounting and other relief based on allegations that the KDOC had improperly administered the IBF.

In response, the Secretary filed a motion to transfer venue, pointing out that Matson was challenging the KDOC's actions at all of its correctional facilities and that, at that time, Matson was not confined at the El Dorado Correctional Facility in Butler County. The Secretary argued that the most convenient forum would be the Shawnee County District Court and that no party would be prejudiced by a transfer. Over Matson's objection, the district court granted the change of venue, which was formally accomplished in November 2012. Upon transfer, the case was assigned case No. 12-C-1273 in Shawnee County District Court.

In the interim, the Secretary had also filed a motion to dismiss Matson's third amended complaint, arguing that Matson lacked standing, that the district court lacked jurisdiction over KDOC, and that Matson's petition failed to state a claim upon which relief could be granted. At the time of the venue transfer, this motion had not been considered or ruled upon.

Some 1 1/2 years later, on April 4, 2014, the Shawnee County District Court filed a memorandum decision and order. The district court determined that the Butler County District Court had already denied Matson's motion for default judgment and, even if any motion for default judgment was pending, it would be premature because the court had not yet ruled on the defendant's motion to dismiss. The district court determined that the KDOC has the statutory authority to use the IBF for offender management and other purposes that benefit inmates under the plain language of K.S.A. 2016 Supp. 75-3728e(c). Thus, although neither remained a party in this case, the district court stated it was dismissing Matson's claims against the KDOA and the KDOC because it lacked subject matter and personal jurisdiction over them and because Matson failed to state a claim upon which relief could be granted. Additionally, the district court determined that KDOC lacked the capacity to sue or be sued. The district court dismissed all of Matson's pending motions, including his motion to amend his petition a fourth time, finding that they were moot or without any statutory support. The district court, therefore, stated it

4

was granting the motions to dismiss filed by KDOC and the KDOA and dismissing all defendants from the case.

Matson filed several postjudgment motions, which the district court considered and denied.

Matson filed a timely notice of appeal.

*Case No. 2014-CV-617*

Four days before he filed his notice of appeal in 12-C-1273, Matson filed a new case in Shawnee County District Court case No. 2014-CV-617. Matson filed this case against Raymond Roberts, Jr., as a petition for writ of quo warranto and writ of mandamus. In this case, Matson complained that Roberts improperly revoked the authority of the wardens at each correctional facility from operating a retail business to sell goods to the inmates. Matson filed proof of his exhaustion of administrative remedies on this issue.

The Secretary filed a motion to dismiss and memorandum in support. He argued that Matson lacked standing to bring the case, that collateral estoppel barred the claims, and that there was no basis for mandamus or quo warranto relief. Matson filed a response in which he pointed out that he was raising a breach of contract claim.

The district court filed its memorandum decision and order finding that Matson had standing and that his claims were not barred by collateral estoppel but that he failed to sufficiently plead relief for mandamus or quo warranto. According to the district court, this left only Matson's request for injunctive or declaratory relief.

After receiving the district court's first decision, the Secretary filed a second motion to dismiss, arguing that the district court's previous order effectively disposed of any claims for injunctive and declaratory relief. The Secretary also argued that the petition failed to state a valid claim for injunctive or declaratory relief. Matson responded, arguing that the Secretary's successive motion to dismiss was improper and pointing out that the district court's ruling on the Secretary's motion to dismiss did not address his breach of contract claim or his request for declaratory and injunctive relief. The Secretary filed a reply to Matson's response, stating that Matson's argument that he brought a proper claim of the tort of common law breach of contract was "an oxymoron" because there is no tort of contract, especially not one under the Kansas Tort Claims Act.

The district court granted the Secretary's motion to dismiss, finding that a second motion to dismiss was not prohibited. The district court also determined that the Secretary was correct, and a finding that no quo warranto or mandamus action was available also precluded Matson's request for injunctive relief. Moreover, the court determined that disposing of the quo warranto and mandamus actions also disposed of the declaratory relief request.

Matson timely filed a notice of appeal. This court subsequently granted Matson's motion to consolidate case Nos. 12-C-1273 and 2014-CV-617 for purposes of this appeal.

*Case No. 12-C-1273 was properly dismissed.*

Matson argues that the district court erred in granting the motion to dismiss in case No. 12-C-1273.

Given the volume of Matson's pro se pleadings and the convoluted nature of the proceedings, including the numerous amendments, motions, and responses and the mid-stream change of venue, it is understandable that the district court had some difficulty in

6

sorting out just what relief Matson was seeking and from whom. In its ruling dismissing the KDOC, the KDOA, "and all the defendants," the district court went to great length to explain why Matson had failed to state a claim against the KDOC and the KDOA, despite the facts that the KDOA had already been dismissed while the case was still in Butler County and Matson had not included the KDOC in this third amended complaint which had been filed at the behest of the Butler County District Court in order to provide a coherent amended petition which would allow a coherent response by the various parties' defendants.

The district court apparently missed the point of Matson's lawsuit and does not seem to have actually considered the claim made by Matson in his third amended petition, in which he alleged that the State and the Secretary are violating K.S.A. 2016 Supp. 75-3728e(c) in the way they are utilizing the funds generated through the IBF. Although the district court explicitly held the KDOC is responsible for the IBF and that the KDOC has the statutory authority to use the IBF for offender management and other purposes that benefit persons in legal custody, including Matson, the lawsuit was dismissed for failure to state a claim without further discussion of the merits of Matson's claims.

We are permitted to review whether the district court erred by granting the motion to dismiss under K.S.A. 2016 Supp. 60-212(b)(6) for failure to state a claim because this is a question of law subject to unlimited appellate review. We view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them; if those facts and inferences state any claim upon which relief can be granted, then the dismissal was improper. *Cohen v. Battaglia,* 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

Matson acknowledges this standard of review and even anticipates that this court might find that the district court reached the right result, albeit for the wrong reason. Thus

7

Matson asserts on appeal he has standing to bring his claim because as a person in custody of KDOC, he is a beneficiary of the IBF and he is suffering losses of incentives and activities which can only be remedied by the use of money from the IBF.

When we cut through the procedural maze which Matson has fomented and ultimately separate the wheat from the chaff, this case turns on a single threshold question: Does the statute creating the IBF also create a private cause of action based on an allegation that the IBF funds have been improperly allocated by the Secretary?

If, as argued by the Secretary, there is no private cause of action for alleged violations of K.S.A. 2016 Supp. 75-3728e(c), then the district court lacked subject matter jurisdiction and Matson's case was properly subject to dismissal. See *Jahnke v. Blue Cross & Blue Shield of Kansas*, 51 Kan. App. 678, 686, 353 P.3d 455 (2015), *rev. denied* 303 Kan. 1078 (2016). The court in *Jahnke* provided a substantial treatise on the question of private causes of action in enforcement of, or challenge to, the operation of statutes, noting that the issue of subject matter jurisdiction may be raised at any time, in any manner, before any court. 51 Kan. App. 2d at 686. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). It would follow, then, that whether a private cause of action exists under a statute is a question of law. *Jahnke*, 51 Kan. App. 2d at 689.

Some statutes expressly impose personal liability on persons or entities for violation of the statutes or for failure to perform specified duties, but "'[m]ost statutes do not, however, explicitly confer on particular plaintiffs a civil remedy.'" 51 Kan. App. 2d at 688 (quoting *Shirley v. Glass*, 279 Kan. 888, 894, 308 P.3d 1 [2013]). Indeed, we find no clear or explicit provision for a private cause of action in K.S.A. 2016 Supp. 75-3728e(c).

One test for determining whether a private cause of action can be inferred is whether one injured by the alleged violation is entitled to recover damages from the wrongdoer. See *Pullen v. West*, 278 Kan 183, 194, 92 P.3d 584 (2004). But Matson has not sued to recover personal damages based on the Secretary's alleged violation of the IBF statute; his petition seeks an accounting of the IBF funds and requests reimbursement to the IBF of monies he claims were improperly allocated. Thus, he is not seeking redress for direct personal harm, but rather he is simply seeking general enforcement of the statute according to his interpretation of its nature and purpose.

Where a statute provides a scheme or mechanism for its enforcement, courts generally find that there is no private cause of action. See *Pullen*, 278 Kan. at 194; *Nichols v. Kansas Political Action Committee*, 270 Kan. 37, 50-51, 11 P.3d 1134 (2000). Matson attempted to invoke administrative remedies by filing grievances with the prisons. However, K.S.A. 2016 Supp. 75-3728f(e) states: "Canteen funds, work therapy funds and benefit funds shall be subject to post audit under the provisions of the statutes contained in article 11 of chapter 46 of Kansas Statutes Annotated." This post audit procedure clearly provides the legislative scheme or mechanism for oversight and enforcement of expenditures from the IBF; there is no suggestion of any general right to seek private enforcement by demanding that IBF funds be expended in any specific manner.

Thus, although the district court did not directly address this aspect of subject matter jurisdiction, Matson's lawsuit was properly subject to dismissal for lack of a private cause of action. The judgment of the district court is affirmed even though it relied on other grounds or reasons for its decision which we need not address herein. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015).

9

*Case No. 2014-CV-617 was properly dismissed.*

Matson also argues the district court erred in granting the Secretary's motion to dismiss in case No. 2014-CV-617. As we noted above, the propriety of a motion to dismiss is a question of law subject to unlimited review. *Cohen*, 296 Kan. at 545-46.

Matson's petition sought a writ of quo warranto and a writ of mandamus, as well as making claims for injunctive relief and declaratory judgment. The district court, in two separate orders, dismissed all of these claims as insufficiently pled.

On appeal, Matson focuses on his argument that the dismissal was in error because the district court failed to consider and rule upon his breach of contract allegation. The essence of Matson's complaint concerns the Secretary's assignment of the day-to-day operation of each facility's retail store to Kansas Correctional Industries (KCI), which Matson describes as a "subsidiary." He alleges:

> "(10) That in 2003, the [Secretary], while acting as the Warden for the Ellsworth Correctional Facility, issued a written contract, posted on all bulletin boards setting forth that, if [Matson] and other inmates would agree to an additional 3.3% mark-up on the retail store items, the facility would keep its retail store. [Matson] has performed and complied with the agreement in the contract for ten (10) years, paying out-of-pocket an estimated total of $660.00."

He further claims:

> "(17) The [Secretary] has breached his contract entered into with [Matson] in 2003. The [Secretary] submitted to [Matson] a written posted contract that if [Matson] agreed to pay an additional 3.3% mark-up on top of the current 15% mark-up for purchases from the Warden's retail store to fund a new computer program and system, the facility retail stores would not be closed. [Matson] performed and complied with the agreement in the Contract for over ten (10) years paying out around $660.00. The

10

[Secretary] has breached the contract by closing the Warden's retail store and bringing in a subsidiary which increased the prices by over 30%, something [Matson] entered into the contract to avoid."

We assume, as we must for present purposes, that Matson and the Secretary, then acting in his capacity as the Warden of ECF, entered into some sort of contract in 2003, whereby Matson agreed to pay more for retail items in exchange for the Warden's agreement not to close the facility retail stores. The pleading, however, does not establish a breach of this contract by the Secretary, since the facility retail stores were not closed. Matson acknowledges that the facility retail stores continue in operation, albeit under the management of KCI rather than the individual facility wardens. We find no language in the contract, as pled by Matson, which would limit the Secretary's discretion to determine the day-to-day management of the facility retail stores.

Thus, even viewing the well-pled facts in a light most favorable to Matson and assuming them to be true, Matson has failed to state a claim for breach of contract upon which relief can be granted. Although the district court failed to explicitly consider and rule on this claim, the decision dismissing the petition for failure to state a claim for the extraordinary and/or equitable relief sought by Matson reached a correct result and the judgment of dismissal is affirmed. See *Gannon*, 302 Kan. at 744.

Affirmed.