NOT DESIGNATED FOR PUBLICATION

No. 118,994

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

DAVID M. MENG,
*Appellant*,

and

DIANNA L. MENG,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; LARRY D. HENDRICKS, judge. Opinion filed November 2, 2018. Affirmed.

*A. Victoria Chundak*, of The Law Firm of Tenopir and Huerter, of Topeka, for appellant.

*Rene M. Netherton*, of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and ROBERT J. FREDERICK, District Judge, assigned.

PER CURIAM: David M. Meng appeals the length of his maintenance payments to Dianna L. Meng. Prior to their divorce trial, the parties completed a pretrial order that reflected monthly maintenance payments for 75 months. This issue was not reserved for trial. At trial, David was ordered to pay spousal maintenance for two years. Dianna filed a motion to reconsider. At the hearing on Dianna's motion, a different trial judge found that the original judge abused her discretion and, after considering the relevant statutory

factors, extended the maintenance to 70 months in accordance with the Shawnee County Family Law Guidelines and the parties' pretrial statements.

Given the failure of the pretrial order to reserve length of maintenance for trial and the failure of the trial judge to modify the pretrial order to prevent manifest injustice, it was not an abuse of discretion by the posttrial judge to grant the motion to reconsider and to extend the period for payment of maintenance. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

David filed for divorce in September 2016. The divorce went to trial in April 2017.

Both parties submitted supplemental factual statements before trial. In his statement, David requested a lower figure to be used in determining child support and maintenance. Dianna requested a higher figure. Both parties listed the length of maintenance payments at 75 months, as directed by the Shawnee County Family Law Guidelines. The pretrial order did not reserve as an issue for trial the length of maintenance.

At trial, David asked that his overtime not be included in his income for purposes of child support and maintenance. Dianna requested the opposite. David also specifically requested that the trial court use his average income from 2011 to 2016 to determine child support and maintenance payments. Under this scenario, David's average annual income would be $79,447, and his maintenance payments would total $887 per month. Dianna asked that the court use David's average income from 2014 through 2016, which totaled $83,059. Ultimately, the trial judge granted the higher income amount but ordered monthly maintenance payments of $911 for 24 months instead of 75 months.

2

Dianna filed a motion to reconsider the length of the maintenance payments. Because the original trial judge had recently retired, the motion was heard in front of Judge Larry D. Hendricks. At the hearing, David argued that at trial the overall maintenance amount was still at issue, thus allowing the original judge to make a decision regarding the length of the payment. Judge Hendricks rejected David's argument and found that the trial judge had abused her discretion because she did not apply any relevant statutory factors before ordering maintenance for only 24 months:

". . . I believe that there was some law that was not followed, that was not complied with statutorily. There was some abuse of discretion . . . , and . . . I find that . . . the length of time for [maintenance payments] would be 70 months . . . . I just think in this transcript that I've read . . . there was no consideration [of the] length of the marriage or the length of maintenance."

Judge Hendricks also found that the issue of length of maintenance should not have been addressed because it was not reserved as an issue in the pretrial order:

"There's no argument anywhere in this transcript about length of maintenance, none. There's no factors given by anybody, either side, on any testimony about length of maintenance. . . . [T]here's no evidence presented as to that, and my only conclusion I can draw from that is that that didn't happen because the pretrial said it wasn't at issue."

Judge Hendricks went through the factors he found applicable before making his final decision:

"The case law and statutory law does not give factors for length of maintenance. It does for award of maintenance. And it talks about, when you're looking at length of maintenance, it's talking about [looking] at those same type of factors. When you look at those factors, which Judge Crotty may have well done, but didn't express it anywhere in the transcript that I can find, you will be considering the age of the parties, which would be in the favor of actually Miss Meng, [Dianna] Meng. For present or future incapacity to

3

the parties, that would be in Respondent's favor. Proper division of marital assets. That was almost equal between the parties. The length of the marriage was 20 years, which is substantial. The parties' need, including physical and mental health, there is a need by the Respondent that is expressed by what she's doing not only for her daughter, but just trying to maintain her household. The time source, acquisition of property, and that was discussed. That was discussed while the Petitioner said well, she wasn't working and you were spending my money. Well, it's not really my money. It's their money, when they're married. Family ties and obligations were not discussed at any length by either party other than they both are here in Topeka. The parties' overall financial situation was discussed, and obligation for child support obviously was discussed. Overall financial situation would bear in favor of longer maintenance for the respondent. There was no discussion of contribution of education or career, other than one was at home with the child at times, and there were some medical problems by the Respondent which really weren't proven out by any doctor that could figure out what it was. Gross and extreme misconduct was not at fault at the divorce action and there was no evidence of that, even that was mentioned by the Petitioner. . . . And no further evidence was presented."

After considering the factors and the pretrial order, Judge Hendricks extended the order for maintenance to 70 months: "The guideline duration of maintenance of 75 months, less 5 months of Temporary Maintenance and 2 months of maintenance payments post Decree, for a total duration of maintenance of 68 months at $911.00 per month is Ordered."

David timely appeals.

DID THE DISTRICT COURT ABUSE ITS DISCRETION IN EXTENDING MAINTENANCE?

David argues that the trial judge acted within her discretion in ordering maintenance for only 2 years instead of 75 months. As such, David maintains that Judge Hendricks erred in granting Dianna's motion to reconsider and extending the maintenance order to 70 months. Dianna argues that because the pretrial order did not include the issue

4

of how long maintenance would be paid, it could not be considered at trial absent a showing of manifest injustice.

A motion to reconsider under K.S.A. 60-259(f) is generally treated as a motion to alter or amend the judgment. *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004); *In re Marriage of Hansen*, 18 Kan. App. 2d 712, 714, 858 P.2d 1240 (1993). This court reviews a trial court's decision on a motion to alter or amend judgment for abuse of discretion. *Subway Restaurants, Inc. v. Kessler*, 266 Kan. 433, 441, 970 P.2d 526 (1998), *cert. denied* 526 U.S. 1112 (1999).

An award of spousal maintenance is governed by K.S.A. 2017 Supp. 23-2901 et seq. Similarly, "[a]n appellate court generally reviews a trial court's award of maintenance for an abuse of discretion." *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 706, 229 P.3d 1187 (2010).

An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. See *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015).

"'The purpose of the pretrial conference . . . is to eliminate the element of surprise from trials and to simplify the issues and procedure . . . .' [Citations omitted.]" *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 18, 61 P.3d 68 (2002). "Generally, a trial court should not entertain an issue or claim that is omitted from the pretrial order. Rather, the pretrial order controls the course of the action unless modified to prevent manifest injustice." *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 708, 317 P.3d 70 (2014); see K.S.A. 2017 Supp. 60-216(e).

Here, the pretrial order reserved only two issues for trial: (1) whether to include David's overtime in his income for purposes of child support and maintenance; and (2) whether the parties' assets and liabilities should be divided equally. At trial, the trial judge granted Dianna's request to use the higher income figure when calculating maintenance but then ordered payment for only two years. In so doing, the trial judge stated:

"When I look at maintenance, I see that you do have a need, Ms. Meng, that you've gotten used to on this. But also I do see a real burden and not a very good ability to pay on the behalf of the petitioner. So I do think we need to have a period of adjustment to do this. But . . . I do think it will take awhile rather than just go on with your life unless you're able to get full-time employment. And I wish you well in being able to be successful in that.

. . . .

"I'm just going to [order maintenance] for two years. And I want to give the people [time] to fully adjust. Whether or not [these] parties are wanting to get a divorce, they're getting a divorce, but it's going to take them a while to readjust their financial situation and I want to give Mr. Meng something to look forward to. But . . . he's been the primary bread winner and I want to make sure he . . . works hard to keep himself and his family and his daughter . . . going like he's been doing."

This decision to change the length of the maintenance ordered was not reserved as an issue in the pretrial order, nor did the trial judge make a finding of manifest injustice and then amend the pretrial order to include the issue of length of maintenance. If it were an issue to be addressed, the length of maintenance should have been included in the pretrial order.

The need to follow the pretrial order is a long-standing rule that this court and our Supreme Court have long repeated. See, e.g., *Brown v. Hardin*, 197 Kan. 517, 519, 419 P.2d 912 (1966). In *Brown*, our Supreme Court emphasized that:

6

"The pretrial conference provided for by K.S.A. 60-216 has become an important part of our procedural process designed, among other things, to acquaint each party in advance of trial with the respective factual contentions of the parties upon matters in dispute, thus reducing the opportunity for maneuver and surprise at the trial, and enabling all parties to prepare in advance for trial. . . . *Orders entered at pretrial conference have the full force of other orders of court and they control the subsequent course of the action*, unless modified at the trial to prevent manifest injustice. [Citations omitted.]" (Emphasis added.) 197 Kan. at 519.

Addressing the length of maintenance when it was not an issue reserved for trial put both parties at a disadvantage because they were unable to present evidence or arguments regarding the issue. The difference between the time frame the parties understood David would be bound to before trial and the time frame that was actually ordered was significant. If the parties had anticipated the need to argue length of maintenance, the evidence presented and arguments made likely would have differed significantly as well.

Although David suggests that Judge Hendricks' ruling was flawed because he incorrectly held that the trial judge abused her discretion in setting the maintenance length, the issue of her alleged abuse of discretion is not dispositive of the issue on appeal. If a trial court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015).

As David points out in his appellate brief, Rule 2.04 of the Shawnee County Family Law Guidelines requires that both parties come to agreements and stipulations that are binding at trial. This requirement encompasses the purpose of pretrial conferences which is, in effect, made binding by pretrial orders. See K.S.A. 2017 Supp. 60-216; *Brown*, 197 Kan. at 519. Both parties in this case submitted their required supplemental factual statements and listed 75 months as the length of maintenance.

7

Because of this, the issue was never reserved by the pretrial order. Under these circumstances, it was reasonable for the parties to believe that 75 months was the agreed length of maintenance. Judge Hendricks recognized these circumstances and emphasized that the lack of reservation through the pretrial order caused the failure of the parties to address the issue at trial and present evidence accordingly. Consequently, he correctly extended the maintenance to the number of months the parties anticipated before heading into trial.

That having been said, the only issue left unaddressed is whether Judge Hendricks acted within his discretion in ordering the extended maintenance. A trial court may award an amount of maintenance that is "fair, just and equitable under all of the circumstances." K.S.A. 2017 Supp. 23-2902(a). In determining maintenance, the trial court may consider the "age of the parties, present and prospective earning capacities, the length of the marriage, the property owned by each party, the parties' needs, the time, source, and manner of acquisition of property, family ties and obligations, and the parties' overall financial situation. [Citation omitted.]" *In re Marriage of Day*, 31 Kan. App. 2d 746, 758, 74 P.3d 46 (2003).

Here, Judge Hendricks considered the relevant factors and the Shawnee County Family Law Guidelines before making his final decision. After going through the proper analysis, he then ordered an amount of maintenance that was fair, just, and equitable under the circumstances. There was no abuse of discretion.

Affirmed.