NOT DESIGNATED FOR PUBLICATION

No. 117,947

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRISTA GRIMWOOD,
*Appellant*,

v.

CHANNON FARRELL,
*Appellee.*

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed August 3, 2018. Affirmed.

*Thomas A. Krueger*, of Krueger Law Office, of Emporia, for appellant.

*Michael C. Helbert*, of Helbert & Allemang, of Emporia, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Crista Grimwood and Channon Farrell jointly asked the district court to enter a mutual restraining order as part of the resolution of a civil suit in which they were parties. The court did enter the order and about six months later Farrell filed a motion alleging Grimwood had violated it. Farrell asked the district court to order Grimwood to appear and show cause why she should not be found to be in contempt and to order her to pay the attorney fees Farrell incurred in pursuing the contempt proceedings.

1

After hearing from a number of witnesses, the district court found Grimwood was in indirect contempt of court and ordered her to pay Farrell's attorney fees. Grimwood timely appeals. We find no error in the district court's actions and affirm.

FACTS AND PROCEDURAL BACKGROUND

In October 2016, the district court approved a settlement resolving a business dispute between Grimwood and Farrell that included a mutual restraining order the parties had prepared and asked the court to enter. The district court did enter that mutual restraining order and, not quite six months later, Farrell filed a motion and affidavit asking for an order directing Grimwood to appear and show cause why she should not be found in contempt for violating the order. The court granted Farrell's motion, ordering Grimwood to appear and respond.

Grimwood then filed two motions of her own: one to dismiss the show-cause order, arguing that the mutual restraining order was not lawful; and another to amend the restraining order. She followed those with a "notice" alleging violation of the restraining order by Farrell.

After hearing testimony, the district court first dismissed Grimwood's allegation that Farrell violated the restraining order. The court found the allegation was substantively insufficient on its face and also failed on procedural grounds. Based on its evaluation of the credibility of the testimony, the district court then found Grimwood had, in fact, violated the restraining order and held Grimwood in indirect civil contempt. As part of its findings, the court held the mutual restraining order was valid and there was no basis upon which the court could amend it. Both Grimwood's motion to dismiss for invalidity and motion to amend the restraining order were, therefore, denied.

2

As a consequence of the contempt, the district court ordered Grimwood to pay Farrell's attorney fees in an amount the court would determine after Farrell's attorney submitted his affidavit of fees and Grimwood had a chance to review it and object. Grimwood objected to the award and after a hearing the court upheld its order for payment of the fees.

ANALYSIS

Grimwood presents three claims of error: (1) The district court erred when it denied her motion to dismiss on the basis the restraining order is void; (2) the district court erred when it found it lacked authority to amend the restraining order; and (3) the district court erred when it ordered her to pay Farrell's attorney fees.

Grimwood does not challenge the district court's finding that she violated the provisions of the restraining order. The district court found the violation was "well supported by the evidence," that the supporting evidence came from witnesses the court believed were credible, and that the evidence showed a "direct and blatant violation of the order and the spirit of the order." It is from those uncontested findings, therefore, that we review Grimwood's issues.

*Denial of motion to dismiss*

Grimwood first argues the restraining order was void because: (1) it failed to include the reason the order was issued; (2) "its indefinite duration is against public policy"; and (3) it "purports to restrict contact with persons not parties to this action on behalf of which Plaintiff has no standing to represent" and "also purports to apply to the actions of persons that are not parties to this case without notice."

3

*Stating the reason the order was issued*

Grimwood says the restraining order failed to comply with the requirements set forth in K.S.A. 2017 Supp. 60-906, which imposes these requirements:

> "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the petition or other document, the act or acts sought to be restrained; and shall be binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in concert or participation with them who receive actual notice of the order by personal service or otherwise."

Grimwood first claims the mutual restraining order that the district court entered in October 2016—in part at her request—failed to meet the requirement that a restraining order "set forth the reasons for its issuance." When a restraining order is issued at the behest of one party and it is done either ex parte or in the face of opposition by the party restrained, a specific statement of the reasons for issuance provides a rationale for the court's action. Here, neither party was going to be at a loss to understand why the order was issued—they requested it. Their order begins by stating they are presenting a "Mutual Civil Order" to the court and the first substantive paragraph, containing the heart of the agreement, starts with "[b]oth of the parties agree not [to] follow, harass or disturb the peace of the other party at any place or at any time." The reason for entry of the order is clear from its content and it meets the statutory requirement.

*Duration of the order*

Next, Grimwood contends the order is contrary to public policy because its effect is not limited to one year. As the source for the one-year limitation, she directs us to the provisions of K.S.A. 2017 Supp. 60-31a06(b), part of the Protection from Stalking or Sexual Assault Act, and K.S.A. 2017 Supp. 60-3107(e) in the Protection from Abuse Act.

4

Grimwood concludes "[i]t is reasonabl[e] to imply from these express statutory requirements that it is against public policy to prohibit all contact with groups of persons indefinitely."

First, noting the obvious, the order Grimwood and Farrell requested and received was not issued as an order under either the act for protection from stalking or the act for protection from abuse. Elsewhere in her brief, Grimwood correctly argues this restraining order is governed by K.S.A. 60-901 et seq.

Second, however, in both of the acts upon which Grimwood bases her public policy argument, the orders to prevent stalking, sexual assault, and domestic abuse are indeed limited to an initial term of one year. But those statutes also contain provisions that allow the orders to be extended for as long as the life of the defendant—a strong indication that, contrary to Grimwood's claim, the Legislature does not consider extended duration of those orders to be a public policy concern. K.S.A. 2017 Supp. 60-31a06(c), (d); K.S.A. 2017 Supp. 60-3107(e). The statutes upon which Grimwood relies directly contradict her argument that public policy requires a one-year limit.

*Parties restrained*

The third assertion of error by the district court in denying Grimwood's motion to dismiss is that the restraining order restricts contact with people who are not parties and applies to conduct by people who are not parties. The order does restrain both parties from contacting each other's "family members, child or children." Grimwood and Farrell also agreed to forgo "the use of surrogates or agents, to disseminate disparaging statements or remarks about the other party." They defined surrogates to include "friends, relatives, or friends of friends or acquaintances." Grimwood contends neither party had standing to seek relief on behalf of nonparties and K.S.A. 2017 Supp. 60-906 states an

5

injunction or restraining order is only binding on the parties and their agents who have actual notice of the order.

The order to which Grimwood and Farrell agreed recognized the potential for circumvention—either in the form of indirect harassment of the other party by acts against those who are close to them or by engaging others to do that which they had prohibited themselves from doing. The primary effect of those provisions is increased enforceability of the order. Any relief to nonparties is incidental. Neither do the prohibitions of the order bind unaware third parties—instead, it prohibits Grimwood and Farrell using others to do things they declared they would not do themselves. This argument is without merit.

*Amendment of the order*

Second, Grimwood claims the district court erred in finding no authority to amend the restraining order. K.S.A. 60-910(b) establishes a mechanism for an interested party to ask for modification of an injunction after a final judgment has been entered:

> "Any interested party, including a party subsequently acquiring an interest in the subject matter of the injunction, may file a petition in the same action to have a judgment of permanent injunction vacated or modified. The petition shall be verified, filed in the court from which the judgment issued, and shall state that there has been a change in conditions rendering the injunction unnecessary or partially unnecessary and that petitioner's interests are being adversely affected. The changed conditions shall be stated in reasonable detail. The procedure pertaining to original civil actions shall be followed. If the judge, after hearing, finds that the petition was not filed in good faith, the judge shall assess the expenses and reasonable attorneys' fees against the petitioner for those parties who have defended against the application, the same to be collected as costs in the action."

6

Grimwood complains the district court incorrectly stated it lacked authority to modify the order, but her motion to amend the mutual restraining order failed in almost every respect to comply with the statutory section that would have properly placed the issue before the district court. Grimwood's motion was not verified, it made no statement at all about a change in conditions—let alone a statement in "reasonable detail," and it offered no description of how her interests were being adversely affected.

The district court declined to amend the order because it had been agreed by the parties and formed part of the settlement of their suit, but Grimwood's failure to follow the statutory procedure denied authority to consider any request. The district court's conclusion was correct. "If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground or assigned erroneous reasons for its decision." *Montoy v. State*, 278 Kan. 765, 768, 102 P.3d 1158 (2005). Grimwood fails to show error on this basis.

*Order for Grimwood to pay Farrell's attorney fees*

Finally, Grimwood argues the district court ordered her to pay Farrell's attorney fees although the restraining order says "[t]he parties shall pay their own attorney's fees." The restraining order also contains the following agreement of the parties, stating in clear terms their intent for the manner in which claimed violations were to be addressed:

> "Law Enforcement officials shall enforce this order immediately upon receipt. The Parties are put on notice that violations of this order shall be [punished] as contempt of court. The party filing the notice of the violation of this order shall move for a citation in contempt and the other party allegedly in violation shall show cause why he or she should not be held in contempt of this court."

The standard of review for contempt findings is well established: "We apply a dual standard of review to any appeal from a finding of contempt of court. We review de novo

7

the trial court's determination that the alleged conduct constitutes contempt, while we review the impositions of sanctions for abuse of discretion." *In re Marriage of Shelhamer*, 50 Kan. App. 2d 152, 154, 323 P.3d 184 (2014).

Grimwood's appeal contests the validity of the order, not the district court's finding that she violated it and was properly found to be in contempt. We move, therefore, to review the sanction the district court imposed for abuse of discretion. "A district court abuses its discretion when no reasonable person would adopt the district court's position. An abuse of discretion also occurs when the district court's decision is based on an error of law or fact. [Citations omitted.]" *Bd. of Cherokee County Comm'rs v. Kansas Racing & Gaming Comm'n*, 306 Kan. 298, 318, 393 P.3d 601 (2017).

A district court has broad discretion in choosing an appropriate sanction for indirect contempt. "If the court determines that a person is guilty of contempt such person shall be punished as the court shall direct." K.S.A. 2017 Supp. 20-1204a(b). In this case, the contempt involved a violation of the district court's order, so the sanction should discourage future violations by either the contemnor or others. We find the district court's order that Grimwood pay the attorney fees Farrell incurred in association with the contempt proceedings, which were brought to enforce the order, is clearly reasonable toward that end. The district court was not wrong on the facts or law, and its order was not one no reasonable person would make. The district court did not abuse its discretion in selecting a sanction for Grimwood's contemptuous violation of the order.

*Motions on appeal*

Finally, while this appeal was pending, both parties filed motions. Farrell's asked that we order Grimwood to pay $8,317 in attorney fees that she incurred responding to this appeal. Grimwood's sought an order directing Farrell to pay transcription fees of $1,392.

8

Under Kansas Supreme Court Rule 7.07(b) (2018 Kan. S. Ct. R. 50), we have the authority to award attorney fees for services on appeal in a case in which the district court had the authority to award attorney fees. As we have discussed, the district court did have that authority. We find the requested amount to be reasonable and grant Farrell's motion.

Grimwood asserts that although she proposed more limited transcriptions for preparation of the record, Farrell declined. As a result, Grimwood claims Farrell should be assessed transcription fees of $1,392 pursuant to Supreme Court Rules 3.03 (2018 Kan. S. Ct. R. 22) and 7.07. We have reviewed the motion and response and do not find Farrell's refusal to stipulate unreasonable. The district court's comments show it relied on assessing the testimony of the witnesses to make its finding of contempt and it undoubtedly considered the circumstances the witnesses described in evaluating the sanction Farrell requested. The motion for transcription costs is denied.

Affirmed.