NOT DESIGNATED FOR PUBLICATION

No. 118,105

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JERRY DALE SELLERS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed August 31, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., PIERRON and BUSER, JJ.

PER CURIAM: Jerry Dale Sellers appeals from the summary dismissal of his K.S.A. 60-1507 motion alleging ineffective assistance of appellate counsel. Because his K.S.A. 60-1507 motion is untimely and because his arguments are otherwise unpersuasive, we affirm.

On September 7, 2007, the State charged Sellers with the following: (1) two counts of rape or, in the alternative, aggravated indecent liberties with a child; (2) one count of attempted aggravated criminal sodomy or, in the alternative, attempted criminal

sodomy; (3) one count of aggravated criminal sodomy or, in the alternative, criminal sodomy; and (4) two counts of indecent liberties with a child.

On November 18, 2008, in accordance with a plea agreement with the State, Sellers entered a no contest plea to one count of indecent liberties with a child and a plea in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to another count of indecent liberties with a child. As a result of his plea agreement, the State dismissed Sellers' remaining charges. Even though Sellers' plea agreement recommended that the trial court run Sellers' indecent liberties with a child sentences concurrently, the trial court ran Sellers' sentences consecutively. For both of his indecent liberties with a child sentences, the trial court imposed the standard presumptive grid sentence, resulting in Sellers receiving a controlling term of 152 months' imprisonment followed by lifetime postrelease supervision.

Sellers appealed his sentences to our Supreme Court. Nevertheless, because Sellers received presumptive sentences for his crimes, our Supreme Court dismissed Sellers' appeal on July 9, 2010. See *State v. Sellers*, No. 102,166, 2010 WL 2816251 (Kan. 2010) (unpublished opinion).

Following the dismissal of his appeal, on June 28, 2011, Sellers filed a pro se motion for relief under K.S.A. 60-1507. The trial court then appointed Sellers counsel, who filed an amended K.S.A. 60-1507 motion on July 8, 2011. In his motion, Sellers made three arguments why his plea counsel was ineffective: (1) counsel led him to believe that his no contest and *Alford* pleas would not result in convictions; (2) counsel failed to act on his request to withdraw his pleas before sentencing; and (3) counsel failed to explain how his convictions would affect his criminal history. The trial court held an evidentiary hearing on Sellers' motion. In the end, although the trial court found that Sellers' plea counsel had provided him with some incorrect advice, it further found that Sellers was not prejudiced by his counsel's deficient performance.

2

Sellers appealed the trial court's denial of his K.S.A. 60-1507 motion. The trial court appointed Gerald E. Wells to represent Sellers on appeal. On appeal, Sellers generally repeated the arguments he made below. Yet, this court rejected each of Sellers' arguments. *Sellers*, 2015 WL 5750517, at *7-9. Moreover, our Supreme Court denied Sellers' petition for review on July 22, 2016.

Nine days before our Supreme Court denied Sellers' petition for review, on July 13, 2016, Sellers filed a pro se K.S.A. 60-1507 motion alleging that Wells provided ineffective assistance of counsel. In his pro se motion, Sellers alleged that Wells was ineffective for failing to raise the following issues in his first K.S.A. 60-1507 appeal: (1) that the judge who presided over his plea and sentencing hearing engaged in misconduct because he "participat[ed] in a plea agreement"; (2) that the trial court violated his "State and Federal Constitutional rights by not ensuring that the existence of the factual basis for the acceptance of the plea was rightfully introduced and explained in open court for the record of what [he] was pleading [to]"; (3) that the State violated its obligations as stated under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); and (4) that cumulative error otherwise required the reversal of his convictions.

Sellers' argument about the judge participating in the plea agreement involved the judge's alleged statement to his counsel before he entered into the plea agreement. According to Sellers and his counsel, the judge stated he had no "desire to hammer" Sellers during sentencing. One of Sellers' counsel testified that he told Sellers about the judge's statement before he entered into the plea agreement. Counsel explained that Sellers wanted him to get a "promise" from the judge, but he told Sellers "you don't get promises."

The State responded that the trial court should summarily dismiss Sellers' K.S.A. 60-1507 motion. The State asserted that Sellers' argument about the trial court

3

participating in his plea agreement was conclusory. Concerning Sellers' arguments about the factual basis and alleged *Brady* violation, the State argued that both complaints involved alleged trial errors that Sellers could not properly raise under K.S.A. 60-1507; thus, Wells had no obligation to raise those arguments on Sellers' behalf on appeal.

On August 10, 2016, the trial court summarily dismissed Sellers' pro se K.S.A. 60-1507 motion. The court noted that following Sellers' K.S.A. 60-1507 evidentiary hearing, it had found that any comment by the judge about not "hammering" Sellers during sentencing did not affect Sellers' ultimate decision to accept the plea agreement. Because the trial court stated that ample evidence in the record supported this finding, the trial court determined that Wells had no duty to raise this argument on Sellers' behalf on appeal. For Sellers' factual basis and *Brady* violation arguments, the trial court adopted the State's contention that Wells could not properly raise either argument under K.S.A. 60-1507 given that the arguments involved trial errors. The trial court also found that Wells could not have raised either argument on appeal given that Sellers did not raise either argument below when arguing his K.S.A. 60-1507 motion.

*Did the Trial Court Err by Summarily Dismissing Sellers' K.S.A. 60-1507 Motion?*

Sellers argues that the trial court erred when it summarily denied his K.S.A. 60-1507 motion because his allegations about Wells providing ineffective assistance of counsel entitled him to an evidentiary hearing. Sellers believes that Wells should have raised each of these arguments on appeal from his first K.S.A. 60-1507 motion. First, he argues that the judge who presided over his plea hearing engaged in ex parte communications with his counsel that encouraged him to accept the plea agreement by telling his counsel that he had no "desire to hammer" him during sentencing. Second, he argues that the State's factual basis for his indecent liberties with a child conviction for which he entered an *Alford* plea was insufficient, seemingly because he had an alibi.

4

Third, he argues that the State committed a *Brady* violation by withholding evidence about cell phone records "involving the whereabouts of his body at a lake."

The State responds that all of Sellers' arguments are conclusory. Furthermore, the State argues that because Sellers did not raise his arguments below, Sellers cannot show that Wells was ineffective for failing to raise the arguments for the first time on appeal.

*Applicable Law*

Appellate courts exercise de novo review following the trial court's summary dismissal of a K.S.A. 60-1507 motion. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Summary dismissal is appropriate only when the motions, files, and records of the movant's case establish that the movant is not entitled to relief. 308 Kan. at 293. In all other circumstances, a movant is entitled to a preliminary or an evidentiary hearing.

To establish ineffective assistance of counsel, the movant must show (1) that counsel's performance was deficient under the totality of the circumstances and (2) that prejudice resulted from counsel's deficient performance. When movants argue ineffective assistance of appellate counsel, our Supreme Court has defined prejudice as a reasonable probability that movants would have won their appeal but for their appellate counsel's deficient performance. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014). Appellate counsel's failure to raise an issue on appeal is not per se ineffective assistance of counsel. *Layman v. State*, 280 Kan. 430, Syl. ¶ 3, 122 P.3d 326 (2005).

K.S.A. 2016 Supp. 60-1507 states:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of

5

Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence."

For purposes of this case, subparagraph (f)(1)(A) provides that any action brought under K.S.A. 2016 Supp. 60-1507 must be brought within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal . . . ." Previously, subparagraph (f)(2) provided that movants could extend the one-year time limitation if they established "manifest injustice." See K.S.A. 60-1507(f)(2). Because the Legislature had not defined "manifest injustice," our Supreme Court created a test for determining when manifest injustice existed in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014). In *Vontress*, our Supreme Court held that manifest injustice existed when movants established one of the following nonexhaustive factors: (1) they could not possibly file their motions within the one-year time frame; (2) they raised claims deserving of consideration; or (3) they set forth colorable claims of actual innocence. 299 Kan. 607, Syl. ¶ 8.

Effective July 1, 2016, however, the Legislature amended K.S.A. 60-1507(f)(2) so the one-year time limitation may be extended only when the movant establishes "manifest injustice." In determining whether the manifest injustice exception applies, the Legislature set forth two factors for the court to consider:  (1) "why the prisoner failed to file the motion within the one-year time limitation" and (2) "whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). The Legislature explained "mak[ing] a colorable claim of actual innocence" required the movant to establish that "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). Under the new subsection, if a movant's motion is untimely and the movant cannot

6

establish manifest injustice, then "the district court must dismiss the motion as untimely filed." K.S.A. 2016 Supp. 60-1507(f)(3).

*Motion Untimely*

The trial court did not dismiss Sellers' motion based on it being untimely. Nevertheless, this court may affirm the trial court when it reaches the right result despite relying on the wrong reasoning. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015). Moreover, in his brief, Sellers does not dispute that his motion does not comply with the one-year time requirement under K.S.A. 2016 Supp. 60-1507(f).

Again, under K.S.A. 2016 Supp. 60-1507(f)(1)(A), movants have one year to timely file their motion following the last appellate court to exercise jurisdiction on direct appeal. Sellers' appeal was dismissed by our Supreme Court on July 9, 2010. Therefore, Sellers had until July 9, 2011, to timely file his K.S.A. 60-1507 motion. Sellers did not file his 60-1507 motion here until July 13, 2016. Thus, Sellers' motion was untimely. Moreover, as Sellers recognizes in his brief, he must comply with manifest injustice requirements.

Yet, Sellers believes he can establish manifest injustice. Indeed, Sellers has provided two arguments why he believes his motion is properly before the court even though he filed it over five years past the statutory deadline.

First, Sellers asserts that "his motion was [not] truly 'untimely'" because he has a right to assistance of appellate counsel under K.S.A. 22-4506(b). Thus, Sellers assumes that because he has a right to counsel, he also has a right to challenge counsel's effectiveness under K.S.A. 60-1507. Simply put, this argument might have had traction under the second *Vontress* factor—substantial issues deserving of consideration—but this factor does not affect this case. In the very recent case, *White v. State*, 308 Kan. ____, Syl.

7

¶ 1, 421 P.3d 718 (2018), our Supreme Court held that the 2016 amendments to the K.S.A. 60-1507 time limitation apply to all motions filed on or after July 1, 2016. Thus, it is readily apparent that the 2016 amendments, which require the movant (1) to provide persuasive reasons for the delay, or (2) to make a colorable claim of actual innocence, apply to Sellers' K.S.A. 60-1507 motion filed on July 13, 2016.

Moreover, Sellers' argument is conclusory and undeveloped. In his brief, Sellers raises his arguments in passing with no analysis or argument. It is a well-known rule that a point raised incidentally in a brief and not argued therein is deemed waived and abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). As a result, despite the preceding problem, Sellers has abandoned his argument.

Second, both in his K.S.A. 60-1507 motion and on appeal, Sellers has asserted that the fact he entered an *Alford* plea, as well as the fact he had an alibi defense, establishes that he has a colorable claim of actual innocence. It seems Sellers believes that the following statements from his K.S.A. 60-1507 motion support his colorable claim of actual innocence:  (1) that "[he] declared innocence through the alibi presented at the plea hearing and at sentencing . . . ."; and (2) that "[he] continues to assert his actual and factual claim of innocence in this case . . . ." Accordingly, Sellers' actual argument is that because he continues to assert that he is innocent, he has a colorable claim of innocence. He contends that the alibi defense, which he had in place way back when he pled to his offenses, should weigh in his favor in our manifest injustice consideration.

Nevertheless, under the plain language of the amended K.S.A. 2016 Supp. 60-1507(f)(2)(A), "the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner *in light of new evidence*." (Emphasis added.) As a result, not only must the K.S.A. 60-1507 movant make a colorable claim of actual innocence, the movant must be doing so based on new

8

evidence. Clearly, an alibi defense that Sellers recited at his plea and sentencing hearing does not constitute "new evidence."

Additionally, Sellers' arguments are wholly undeveloped. Recently, in *Beauclair*, our Supreme Court explained that movants who wanted to establish manifest injustice under the new 2016 amendments must make more than conclusory contentions in which they simply allege that they are innocent. The *Beauclair* court explained that the application of the new manifest injustice rule should be a rare and extraordinary exception, not the rule. 308 Kan. at 302. Thus, Sellers must do more than just allege that he is innocent based on the same theories that he relied upon before he entered his pleas.

In short, Sellers' conclusory contentions of actual innocence falls far from the mark. As a result, Sellers' July 13, 2016 K.S.A. 60-1507 motion was untimely.

*Arguments Otherwise Meritless*

Moreover, it is worth mentioning that even if Sellers' motion was timely, it would still fail for other reasons. Specifically, his arguments fail either because Wells had no duty to raise the argument or because Wells would have to raise the argument for the first time on appeal.

In his first K.S.A. 60-1507 motion, which was pro se and filed on June 28, 2011, Sellers never raised any complaints about the judge interfering with his plea negotiations. Sellers' appointed counsel, who filed an amended K.S.A. 60-1507 motion on July 8, 2011, also never mentioned anything about the judge interfering with his plea negotiations. It was not until Sellers' evidentiary hearing that his plea counsel testified that the judge made a comment in private before Sellers entered into the plea agreement that he "[did not] have a desire to hammer" Sellers on sentencing. The prosecutor could not recall this statement.

9

Although Sellers seemingly raised this argument through testimony, the trial court explicitly rejected this argument in its order denying his K.S.A. 60-1507 motion. The trial court explained that any statement by the judge about not looking to "hammer" Sellers did not affect Sellers' decision to enter his pleas (1) because plea counsel told Sellers both orally and in writing that "there were no promises regarding sentencing" and (2) because Sellers acknowledged nobody made him any promises about sentencing during his plea colloquy.

As emphasized by the State throughout its brief, appellate counsel is not per se ineffective for not raising an issue on appeal. *Laymon,* 280 Kan. 430, Syl. ¶ 3. In deciding what issues to raise, our Supreme Court explained:

> "[A]ppellate counsel should carefully consider the issues, and those that are weak or without merit, as well as those which could result in nothing more than harmless error, should not be included as issues on appeal. Likewise, the fact that the defendant requests such an issue or issues to be raised does not require appellate counsel to include them. Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." *Baker v. State*, 243 Kan. 1, 10, 755 P.2d 493 (1988).

Here, even if we assume the judge made the comment, at best, all Sellers could ever establish is that the judge made an improper comment. But this fact alone does not mean that but for the judge's comment, Sellers would not have entered his pleas. In fact, the following evidence supports that Sellers would have accepted his plea agreement regardless of the judge's comment: (1) counsel's oral and written explanations on sentencing; (2) counsel's testimony that when Sellers asked him to get the judge to make a promise regarding sentencing, counsel told Sellers "you don't get promises"; (3) Sellers' statement at his plea hearing that nobody had made him any promises; and (4) Sellers' statement at sentencing that he accepted the plea agreement because he was facing up to

10

600 months' imprisonment. Furthermore, in his appeal from the denial of his first K.S.A. 60-1507 motion, this court rejected Sellers' argument that he would not have accepted his plea agreement but for counsel's bad advice about *Alford* pleas partly because of his statement at sentencing. *Sellers*, 2015 WL 5750517, at *8.

As a result, from the motions, files, and records of Sellers' case, it is readily apparent that Sellers' argument about the judge pressuring him to accept the State's plea agreement by stating that he had no "desire to hammer" Sellers at sentencing was very weak. This argument had no ability to succeed on appeal because the record shows that the comment did not affect Sellers' decision to enter his pleas. Sellers was going to enter his pleas regardless of this alleged comment by the judge. Consequently, the trial court correctly determined that Wells had no duty to raise this argument on appeal from the denial of Sellers' first K.S.A. 60-1507 motion. In turn, Wells was not ineffective for failing to raise this argument.

Next, as for Sellers' remaining arguments, although Sellers complained that the prosecutor should have dismissed his case in his first K.S.A. 60-1507 motion because of his alibi defense, he never explicitly asserted that the factual basis of his charge for which he entered the *Alford* plea was insufficient in either his pro se K.S.A. 60-1507 or his counseled K.S.A. 60-1507 motions. Sellers also failed to raise any argument about an alleged *Brady* violation by the State in either his pro se K.S.A. 60-1507 or his counseled K.S.A. 60-1507 motions.

On appeal, Sellers never addresses that he did not raise these arguments before the trial court when arguing his first K.S.A. 60-1507 motion. The State, however, argues that Sellers' failure to raise these arguments below should control whether Wells was ineffective for not raising the arguments on appeal. Generally, issues not raised below, even issues involving constitutional rights, cannot be raised for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Although there are

11

exceptions to this rule, such as whether considering the newly asserted theory is necessary to serve the ends of justice, a movant must establish that such an exception applies. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Here, because Sellers has failed to address the fact that he did not raise the factual basis and *Brady* violation arguments in his first K.S.A. 60-1507 motion, it necessarily follows that, on appeal, he has not explained what exceptional circumstances he believes Wells should have invoked on his behalf to raise these arguments for the first time on appeal. Stated another way, by not addressing this part of the argument, Sellers has not fully developed his argument. As a result, he has abandoned his argument. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016) (holding that an issue not briefed is deemed waived and abandoned). On top of this, even if Sellers had not abandoned his arguments, this court that earlier considered his appeal from the denial of his first K.S.A. 60-1507 motion, explicitly rejected an argument that Wells raised on Sellers' behalf for the first time on appeal because this court does not consider arguments for the first time on appeal. This court's rejection of the argument because Sellers raised it for the first time on appeal suggests that even if Wells had raised the factual basis and *Brady* violation arguments on Sellers' behalf for the first time on appeal, the arguments would have failed. *Sellers*, 2015 WL 5750517, at *9.

For the preceding reasons, we affirm the dismissal of Sellers' K.S.A. 60-1507 motion.

Affirmed.