NOT DESIGNATED FOR PUBLICATION

No. 120,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIN ESPINOZA,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Seward District Court; BRADLEY E. AMBROSIER, judge. Opinion filed May 15, 2020. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli & Premer-Chavez Law Office, L.L.C., of Liberal, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, of Topeka, for appellee.

Before GARDNER, P.J., BUSER, J., and LAHEY, S.J.

BUSER, J.: This is an appeal by Erin Espinoza of the district court's ruling affirming an order by the Kansas Department of Revenue (KDOR) disqualifying Espinoza for life from holding a commercial driver's license (CDL). The disqualification was predicated on K.S.A. 2018 Supp. 8-2,142(c) which provides, in relevant part, that a person shall be disqualified for life from operating a commercial motor vehicle upon the second or subsequent occurrence of a refusal or failure of a test for alcohol consumption

while operating a noncommercial motor vehicle arising from two or more separate incidents.

Upon our review of the district court's order, the record on appeal, and briefs filed by the parties, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2017, Espinoza purchased a small motorized minibike. The parties agree that it had a 2.5 horsepower, 80 cc, single speed transmission, and a top speed of 24 miles per hour. On June 27, 2017, Espinoza took the minibike for a drive on a public street. Police stopped Espinoza because the minibike did not have headlights or taillights. The ordinary traffic stop broadened into a driving under the influence investigation with Espinoza informing officers that he had "had a few" alcoholic drinks. An officer requested that Espinoza submit to an alcohol breath test and he refused. Based on this refusal, Espinoza was given a DC-27 form—a notice of suspension of his driving privileges.

Less than 14 days later, Espinoza requested an administrative hearing to contest the suspension of his driver's license. At the hearing, Espinoza argued that he did not receive a copy of the DC-27 form. The KDOR administrative hearing officer affirmed the suspension.

On February 21, 2018, KDOR sent two separate letters to Espinoza. The first letter was entitled "Driver's License and Restriction Notice." This correspondence notified Espinoza that his driver's license was suspended for one year and restricted for three years based on his 2017 chemical test refusal, under K.S.A. 2018 Supp. 8-1014 and K.S.A. 2018 Supp. 8-1015. The second letter was entitled "CDL Lifetime Revocation Notice." This correspondence informed Espinoza that he was disqualified for life from

holding a CDL under K.S.A. 2018 Supp. 8-2,142, because he had refused the alcohol breath test in 2017 and had failed an alcohol breath test in 2007.

On March 1, 2018, Espinoza petitioned for judicial review in district court, asking the district court to set aside his lifetime disqualification and reinstate his CDL. Espinoza made two arguments. First, he argued that the district court should grant relief because KDOR did not follow statutory procedures before suspending his driver's license. Second, Espinoza asserted that KDOR did not meet the statutory requirements for the lifetime disqualification of his CDL.

KDOR moved to dismiss the petition based on the district court's lack of subject matter jurisdiction. As discussed more fully in the analysis section, on May 25, 2018, the district court issued a written order denying KDOR's motion to dismiss.

A pretrial order was finalized. The legal issue identified for trial was: "Whether the lifetime suspension of [Espinoza's] CDL was proper." The relevant factual issue to be decided was: "Whether [Espinoza] was operating a motor vehicle." In the pretrial order KDOR claimed the district court lacked subject matter jurisdiction "over any issues pertaining to [Espinoza's] arrest on June 25, 2017."

Trial was held on September 19, 2018. At trial, Espinoza raised several arguments. The crux of his case, however, was that he was not operating a motor vehicle at the time of the traffic stop when he refused to submit to an alcohol breath test. Because Espinoza claimed he was driving a motorized bicycle—not a motor vehicle—he contended that a lifetime disqualification of his CDL, mandated under K.S.A. 2018 Supp. 8-2,142(c), did not apply. For its part, the KDOR countered that Espinoza was driving a motor vehicle at the time of the traffic stop and that K.S.A. 2018 Supp. 8-2,142(c) required the lifetime disqualification under the circumstances.

3

On December 11, 2018, the district court entered an order denying Espinoza's petition and affirming the administrative hearing officer. Citing K.S.A. 8-1485 and *Shirley v. Kansas Dept. of Revenue*, 45 Kan. App. 2d 44, 243 P.3d 708 (2010), the district court ruled that Espinoza's minibike was a "vehicle," for purposes of K.S.A. 2018 Supp. 8-2,142(c).

Espinoza filed a timely notice of appeal.

JURISDICTION

Preliminarily, KDOR contends that this court, like the district court, lacks subject matter jurisdiction. To understand the basis for this claim requires a brief summary of procedural facts.

Based on Espinoza's alcohol breath test refusal, he received a DC-27 form that informed him that his driving privileges were suspended. At Espinoza's request, an administrative hearing was held but the hearing officer affirmed the suspension of Espinoza's driver's license. On January 26, 2018, the hearing officer issued an order suspending Espinoza's driver's license. After this order was issued, on February 21, 2018, KDOR sent Espinoza a "Driver's License and Restriction Notice." This letter notified Espinoza that based on his 2017 alcohol test refusal, under K.S.A. 2018 Supp. 8-1014 and K.S.A. 2018 Supp. 8-1015, his driver's license was suspended for one year and restricted for three years.

That same date, February 21, 2018, KDOR separately sent Espinoza a "CDL Lifetime Revocation Notice" informing him that effective February 21, 2018, he was disqualified for life from possessing a CDL in accordance with K.S.A. 2018 Supp. 8-2,142. On March 1, 2018, Espinoza petitioned for judicial review in district court, asking the district court to set aside his lifetime CDL disqualification.

4

KDOR contends the district court lacked subject matter jurisdiction because Espinoza filed his petition for review on March 1, 2018, which was not within 14 days of the order of driver's license suspension, dated January 26, 2018. According to KDOR, this time limitation is set forth in K.S.A. 2018 Supp. 8-259 and K.S.A. 2018 Supp. 8-1020(p).

Espinoza counters that he filed his petition for review under K.S.A. 77-613(b) in response to KDOR's administrative action, dated February 21, 2018, permanently disqualifying him from possessing a CDL. Espinoza emphasizes that his petition related to KDOR's administrative action regarding his CDL lifetime disqualification, not the administrative order regarding his driver's license suspension. According to Espinoza, applying K.S.A. 77-613(b) to the facts of this case, he was allowed 30 days after service of the February 21, 2018 order disqualifying him for life from holding a CDL to file his petition for review.

This issue was initially raised in the district court by KDOR filing a motion to dismiss. Espinoza filed a response and a hearing was held but no transcript of the hearing is found in the record on appeal. On May 25, 2018, the district court issued a written order denying KDOR's motion to dismiss. In particular, the district court found that the time period for filing petitions for review was generally controlled by K.S.A. 77-613 which allows for 30 days in which to file a petition relating to agency orders and actions. The district court noted there were specific exceptions to this statute listed in K.S.A. 2018 Supp. 8-259(a), which limited the time period for filing to 14 days, but none of the exceptions related to the lifetime disqualification of a commercial driver's license. Accordingly, the district court denied KDOR's motion to dismiss finding that Espinoza had timely filed his petition for review within 30 days of the order permanently revoking his commercial driver's license.

5

"[J]urisdictional questions are questions of law subject to unlimited appellate review." *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 293 Kan. 633, 637, 270 P.3d 1074 (2011). The interpretation of a statute is a question of law over which appellate courts have unlimited review. *Pener v. King*, 305 Kan. 1199, 1208, 391 P.3d 27 (2017).

K.S.A. 77-613 is the general statute governing the time period for filing a petition for judicial review of an agency action. K.S.A. 77-613(b) provides: "Subject to other requirements of this act or of another statute: . . . If reconsideration has not been requested and is not a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed within 30 days after service of the order." Moreover, K.S.A. 77-613(d) similarly provides that "[a] petition for judicial review of agency action other than a rule and regulation or final order shall be filed within 30 days after the agency action."

As anticipated in the first sentence of K.S.A. 77-613 ("Subject to other requirements of this act or of another statute"), K.S.A. 2018 Supp. 8-259, sets forth exceptions to the 30-day time period in cases of license revocations or suspensions under specified circumstances. The statute provides a 14-day time period to file a petition for judicial review in the case of "an order of disqualification under subsection (a)(1)(D) of K.S.A. 2018 Supp. 8-2,142." The subsection provides for a one-year disqualification from driving a commercial motor vehicle. But, importantly, K.S.A. 2018 Supp. 8-259 does not mention K.S.A. 2018 Supp. 8-2,142(c)—the operative statute in this appeal— which relates to lifetime disqualification of an individual's CDL.

A canon of statutory construction is "*expressio unius est exclusio alterius*" which is Latin for the inclusion of one thing implies the exclusion of another. *Cole v. Mayans*, 276 Kan. 866, 878, 80 P.3d 384 (2003). The Legislature obviously included one particular subsection—K.S.A. 2018 Supp. 8-2,142(a)(1)(D)—while excluding the other numerous subsections within K.S.A. 2018 Supp. 8-2,142. For whatever reason, the

Legislature intended to require individuals to file a petition for review within 14 days of receiving an order issuing a one year disqualification of CDL privileges under K.S.A. 2018 Supp. 8-2,142(a)(1)(D), but permitted individuals who were disqualified for life from having a CDL under K.S.A. 2018 Supp. 8-2,142(c)—as in this case—to file a petition for review within 30 days.

Accordingly, we hold the district court did not err in ruling that it had subject matter jurisdiction because Espinoza's petition for judicial review was timely filed within 30 days of KDOR's action ordering a lifetime disqualification of his CDL.

On appeal, KDOR also briefly argues that subject matter jurisdiction does not exist because the issues Espinoza raised in his petition for judicial review which related to the lifetime disqualification of his CDL were not raised in the administrative hearing that dealt with the suspension of his driver's license. Of note, at the time of the administrative hearing, KDOR had not notified Espinoza that it was going to disqualify him for life from holding a CDL.

In a one-paragraph response, Espinoza asserts that because his petition for judicial review was based on K.S.A. 77-613, the district court had jurisdiction to review KDOR's agency action of disqualifying him for life from holding a CDL and the administrative hearing relating to Espinoza's driver's license suspension is irrelevant to the issue of subject matter jurisdiction.

KDOR raised the issue of subject matter jurisdiction by filing a motion to dismiss claiming that Espinoza had filed an untimely petition for judicial review. KDOR did not raise any other jurisdictional grounds. The motion was briefed, argued, and the district court ruled against KDOR in a written order. We have had the benefit of this briefing and order and, as a result, affirm the district court.

7

Although KDOR mentioned jurisdiction at trial, it was in the context of objecting to some of Espinoza's proffered evidence because that evidence was not produced at the administrative hearing. The district court took the evidentiary objection under advisement and apparently never ruled on it. In its order affirming KDOR's lifetime disqualification of Espinoza's CDL, the district court did not mention this specific jurisdictional issue. As a result, we do not have the benefit of the district court's findings of fact and conclusions of law.

"Subject matter jurisdiction may be raised at any time." *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 875, 281 P.3d 135 (2012). The current state of the record on appeal and briefing in this case, however, is inadequate for us to fully analyze and resolve this specific aspect of jurisdiction. Moreover, because this case is easily resolved on the merits, we exercise our discretion and decline to address this procedural aspect of jurisdiction. See *State v. Sammons*, No. 111,591, 2014 WL 7572365, at *2 (Kan. App. 2014) (unpublished opinion); *Sherrod v. Breitbart*, 720 F.3d 932, 936-37 (D.C. Cir. 2013) (holding that a court may presume jurisdiction and reach the merits when the answer to the merits issue is especially clear).

## WHETHER ESPINOZA'S MINIBIKE IS A MOTOR VEHICLE UNDER K.S.A. 2018 SUPP. 8-2,142(C)?

Espinoza argues that his June 25, 2017 alcohol breath test refusal should not count towards the number of offenses, test refusals, or test failures required by K.S.A. 2018 Supp. 8-2,142(c) to permanently disqualify him from holding a CDL. As Espinoza frames the issue: "Whether the Appellant was riding a *motorized bicycle*, excepted from the definition of a motor vehicle by statute in Kansas, and not a *motor vehicle* when he was asked to provide a breath sample by law enforcement." (Emphasis added.) KDOR relies on K.S.A. 8-1485 for the definition of "vehicle" and concludes that Espinoza's

minibike clearly falls within the definition of vehicle for purposes of the implied consent statutory scheme.

In upholding KDOR's permanent disqualification of Espinoza's CDL, the district court stated:

> "Mr. Espinoza first argues that the mini bike does not meet the definition of a vehicle as set forth in K.S.A. 8-1485 and argues that the mini bike is instead a motorized bicycle as set forth in K.S.A. 8-126(w). For the record, the parties agree that the instrumentality in question is 2.5 horsepower, 80 cc, has a top speed of 24 miles per hour and has a single speed transmission. The Court specifically finds those facts to be true. Unfortunately for Mr. Espinoza, those facts do not make a difference to the Court in implementing K.S.A. 8-1485. *Brian Shirley v. Kansas Dept. of Revenue* . . . clearly sets forth that for purposes of implied consent the Court need only determine whether or not something is defined as a vehicle. As such, the Court need only concern itself with whether or not the device is something by which a person or property is or may be transported or drawn upon a highway. Excluded from the definition are electric personal assistive mobility devices and devices moved by human power or used exclusively upon stationary rails or tracks.
>
> "As evidenced by Mr. Espinoza's riding the device upon the public roadways it certainly is capable of transporting a person. Furthermore, the fact that the device is of small stature and a limited speed does not exclude it from the definition of a vehicle. The Court finds the above-cited case dispositive of the issue and finds that the device in question is a vehicle pursuant to statute."

At the outset, it is important to briefly mention our standards of review. The interpretation of a statute is a question of law over which appellate courts have unlimited review. *Pener*, 305 Kan. at 1208. Statutory interpretation also presents a question of law over which appellate courts have unlimited review. *In re Tax Appeal of BHCMC*, 307 Kan. 154, 161, 408 P.3d 103 (2017).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *Harsay v. University of Kansas*, 308 Kan. 1371, 1381, 430 P.3d 30 (2018). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Harsay*, 308 Kan. at 1381. Finally, where there is no ambiguity, the court need not resort to statutory construction. See *Nauheim*, 309 Kan. at 149-50.

KDOR permanently disqualified Espinoza from driving a commercial vehicle under the provisions of K.S.A. 2018 Supp. 8-2,142. The administrative order did not identify the operative subsection of the statute, but it did state that Espinoza had a chemical test refusal on June 25, 2017, and a chemical test failure on June 22, 2007. This factual scenario corresponds to K.S.A. 2018 Supp. 8-2,142(c).

As mentioned earlier, K.S.A. 2018 Supp. 8-2,142 is part of the Uniform Commercial Driver's License Act (UCDLA), found in K.S.A. 8-2,125 et seq. It provides for "disqualification from driving commercial vehicle; suspension, revocation or cancellation of license; notification." K.S.A. 2018 Supp. 8-2,142. Relevant to this appeal, subsection (c) of the statute mandates: "A person shall be disqualified for life upon the second or a subsequent occurrence of any offense, test refusal or test failure specified in subsection (a), or any combination thereof, arising from two or more separate incidents."

Subsection (a) to K.S.A. 2018 Supp. 8-2,142 lists a variety of motor vehicle violations, alcohol test violations or failures, negligent operation of a commercial motor vehicle, leaving the scene of an accident, or committing certain felonies—all of which

may trigger adverse action by KDOR regarding the individual's CDL. Importantly, subsection (a)(2)(B) proscribes an individual operating a noncommercial motor vehicle and refusing or failing an alcohol test as defined in K.S.A. 8-1013.

In summary, KDOR alleged that under subsection (c) of K.S.A. 2018 Supp. 8-2,142, Espinoza was permanently disqualified from possessing a CDL because he operated a noncommercial motor vehicle on one occasion in 2017 wherein, he refused an alcohol breath test and another occasion in 2007 wherein he failed an alcohol breath test.

Espinoza contends, however, that his minibike is not a "motor vehicle" and, therefore, the provisions of K.S.A. 2018 Supp. 8-2,142(c) do not apply to his most recent alcohol breath test refusal. Espinoza points us to two definitions found in the definitions section related to the regulation of driver's licenses in Kansas.

First, K.S.A. 2018 Supp. 8-126(u) defines a "motor vehicle" as "every vehicle, *other than a motorized bicycle* or a motorized wheelchair, which is self-propelled. (Emphasis added.) Second, K.S.A. 2018 Supp. 8-126(w) defines a "motorized bicycle" as a "device having two tandem wheels or three wheels, which may be propelled by either human power or helper motor, or by both, and which has:

> "(1) A motor which produces not more than 3.5 brake horsepower;
> "(2) a cylinder capacity of not more than 130 cubic centimeters;
> "(3) an automatic transmission; and
> "(4) the capability of a maximum design speed of no more than 30 miles per hour."

According to Espinoza, under these definitions, his minibike fulfilled all the prerequisites for a "[m]otorized bicycle" which is not a "[m]otor vehicle" subject to regulation under K.S.A. 2018 Supp. 8-2,142(c). In Espinoza's view, the district court's ruling affirming KDOR's permanent disqualification of his CDL was improper.

Espinoza acknowledges that K.S.A. 2018 Supp. 8-1485 and K.S.A. 2018 Supp. 8-126(qq) both define a "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting electric personal assistive mobility devices or devices moved by human power or used exclusively upon stationary rails or tracks." In its ruling, the district court interpreted this statutory definition of vehicle to include Espinoza's minibike.

Espinoza argues that this definition should not apply to his minibike because the definition of "vehicle" in K.S.A. 2018 Supp. 8-1485 is general and the definition of "motor vehicle" (which he argues does not include a minibike) in K.S.A. 2018 Supp. 8-126(w) is more specific. He asserts that the specific statute should control over the general statute.

The district court found, and KDOR argues on appeal, however, that the definition of "vehicle" as found in K.S.A. 2018 Supp. 8-1485 and *Shirley* applies under the circumstances. In *Shirley*, Brian Shirley's driving privileges were suspended by KDOR when he failed an alcohol blood test after being stopped at the Kansas State Fairgrounds driving a minitruck—a self-propelled gasoline powered vehicle that is not moved by human power, or used on rails or tracks and is not a motorized wheelchair. One of the key questions presented to the district court and on appeal was: "Is a minitruck a vehicle under the applicable [implied consent] statutes?" 45 Kan. App. 2d at 46. The district court concluded it was a vehicle and our court agreed, affirming KDOR's driver's license suspension order. 45 Kan. App. 2d at 52-53.

Important to our court's analysis in *Shirley* was that the Kansas implied consent law, K.S.A. 8-1001 et seq., provides for license suspensions when an individual operates a "vehicle" and fails or refuses to take an alcohol test. In ascertaining the meaning of the word "vehicle," in the context of the Kansas implied consent laws, our court used the definition found in K.S.A. 2018 Supp. 8-1485. Here, since Espinoza refused to submit to

12

a breath alcohol test required under the Kansas implied consent law, the district court similarly used the definition of "vehicle" as found in K.S.A. 2018 Supp. 8-1485 and applied it to the permanent disqualification provisions in K.S.A. 2018 Supp. 8-2,142(c).

Upon our review, we are persuaded that the district court was correct in its ruling but for a different reason. When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony if possible. *Miller v. Board of Wabaunsee County Comm'rs*, 305 Kan. 1056, 1066, 390 P.3d 504 (2017).

KDOR's order disqualifying Espinoza for life from holding a CDL was predicated on K.S.A. 2018 Supp. 8-2,142(c). This statute is but one of many statutes that comprise the UCDLA, which is generally found in K.S.A. 8-2,125 et seq. The Legislature has determined that the UCDLA "shall govern commercial drivers' licenses." K.S.A. 8-2,125.

Importantly, the UCDLA has a separate definitional section found in K.S.A. 2018 Supp. 8-2,128. Currently the statute contains 33 separate definitions that are "[a]s used in this act." K.S.A. 2018 Supp. 8-2,128.

Relevant to this appeal, Espinoza's lifetime disqualification from holding a CDL was based, in part, on violating K.S.A. 2018 Supp. 8-2,142(a)(2)(B) which proscribes a person "while operating a noncommercial motor vehicle" from having a "test refusal or test failure, as defined in K.S.A. 8-1013." The critical question then becomes, for purposes of the UCDLA, what is the meaning of a "noncommercial motor vehicle"?

K.S.A. 2018 Supp. 8-2,128(ff) defines "noncommercial motor vehicle" as "a motor vehicle or combination of motor vehicles not defined by the term commercial motor vehicle in subsection (f). K.S.A. 2018 Supp. 8-2,128(f) defines a commercial motor vehicle in part as a vehicle weighing 26,001 or more pounds, a vehicle used to

13

transport 16 or more passengers, or a vehicle transporting hazardous materials. Obviously, Espinoza's minibike was not a commercial motor vehicle, but was it a "motor vehicle" for purposes of the UCDLA?

K.S.A. 2018 Supp. 8-2,128(r) defines a motor vehicle: "'[M]otor vehicle' means every vehicle which is self-propelled, and every vehicle which is propelled by electric power obtained from overhead trolley wires but not operated upon rails, except vehicles moved solely by human power and motorized wheel chairs."

For the purposes of K.S.A. 2018 Supp. 8-2,142(c), Espinoza's motorized bicycle squarely fits within the UCDLA's definition of a noncommercial motor vehicle. His minibike was self-propelled, without trolley wires, not moved solely by human power, and not a motorized wheelchair.

As is readily apparent, interpreting the various provisions of the UCDLA *in pari materia* results in a workable harmony that definitively answers the critical question before us. Moreover, since the lifetime disqualification of Espinoza's CDL was grounded upon the UCDLA, it makes sense to use the definitions "[a]s used in this act," K.S.A. 2018 Supp. 8-2,128, rather than rely on other definitions found elsewhere in Kansas motor vehicle statutes that do not specifically apply to CDLs.

We uphold the district court's ruling that the provisions of K.S.A. 2018 Supp. 8-2,142(c) applied to Espinoza's minibike. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (If a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground for its decision.).

14

For the first time on appeal, Espinoza raises the following issue:

> "Whether the lifetime suspension of the Appellant's Commercial Driver['s] License for failing to provide a breath test, over 10 years ago, deprived the Appellant of a constitutionally protected interest by the government, without a legitimate government interest, in violation of a constitutionally mandated due process."

At the outset, we question whether this issue was preserved for appellate review. Our court exercises plenary review over whether an issue is properly preserved for appellate review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

In Espinoza's petition, he merely stated that KDOR "did not meet the statutory requirement for permanently suspending the Plaintiff's commercial driver's license." When listing the legal issues in the pretrial order that were to be resolved at trial, Espinoza stated: "Whether the [lifetime suspension] of the Plaintiff was proper." During the trial, Espinoza never mentioned a due process or specific constitutional right that was violated. When Espinoza argued that the lifetime disqualification was unfair, the district court asked, "[O]ther than it seems fundamentally unfair, can you point me in any other direction?" Espinoza's attorney replied, "No."

Espinoza was required under Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) to include in his appellant's brief "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court." Espinoza has failed to comply with this rule. Moreover, our review of the district court's order and the trial proceedings convinces us that this issue was not raised in the district court.

Generally, issues not raised in the district court may not be raised for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). This general preclusion includes even constitutional issues, like Espinoza's procedural due process claim. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). However, our Supreme Court has acknowledged

> "'there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. [Citation omitted].'" *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008).

To raise an issue for the first time on appeal, the party making the claim must invoke one of the above exceptions. Kansas Supreme Court Rule 6.02(a)(5). Kansas appellate courts strictly enforce this rule. *Godfrey*, 301 Kan. at 1044. Espinoza did not raise a procedural due process violation in the district court, and he did not argue for an exception to the general rule before this court. Accordingly, we decline to review this issue.

In conclusion, we hold the district court did not err in affirming KDOR's lifetime disqualification of Espinoza's CDL privileges.

Affirmed.