NOT DESIGNATED FOR PUBLICATION

No. 122,215

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VICTOR LOGAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed October 16, 2020. Affirmed.

*Brittany E. Lagemann*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE, J., and MCANANY, S.J.

PER CURIAM: After Victor Logan was convicted of multiple child sex offenses, he moved for habeas corpus relief under K.S.A. 60-1507. Following a full evidentiary hearing, the district court denied the motion. Logan later filed a second K.S.A. 60-1507 motion, alleging in part that the judge who presided over his first 60-1507 case had a conflict of interest that disqualified the judge from hearing the case and that his attorney was ineffective in failing to address the conflict. The district court summarily denied Logan's second motion as untimely and successive. On appeal, Logan argues that his motion qualifies for an extension of time under K.S.A. 2019 Supp. 60-1507(f)(2) because

1

he established the manifest injustice required to excuse his untimely filing. Logan also contends that the exceptional circumstances present here warrant the district court's consideration of his successive motion. We affirm, but for different reasons than those relied on by the district court.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, the State charged Logan with a single count of aggravated indecent liberties with a child, two counts of indecent liberties with a child, and one count of lewd and lascivious behavior. Following a preliminary hearing, the district court found probable cause to support the charges and bound Logan over for trial.

Although no details are included in the record, it appears that the parties then sought to resolve the case through mediation. Johnson County District Court Judge Kevin P. Moriarty presided over the mediation.

After mediation proved unsuccessful, the case proceeded to trial in 2010, where a jury found Logan guilty as charged. The district court imposed a controlling 171-month prison sentence with a postrelease supervision term of 36 months. We affirmed Logan's convictions on direct appeal. *State v. Logan*, No. 106,542, 2013 WL 5735631 (Kan. App. 2013) (unpublished opinion).

In July 2015, Logan filed a pro se motion for habeas corpus relief under K.S.A. 60-1507 alleging multiple grounds for relief, including several claims of ineffective assistance of counsel. Relevant to the issue raised in the present appeal, Logan argued that Angela Keck, his first attorney on the case, and Scott Toth, his trial attorney, did not inform him of any plea offers.

2

Judge Moriarty, the same judge who presided over Logan's 2009 mediation in the underlying criminal case, was assigned hear Logan's 60-1507 motion.

In June 2016, the parties appeared at an evidentiary hearing where Logan was represented by attorney Jessica Sokoloff. Logan was the first witness called to testify. Before Logan's testimony, the following exchange occurred between Logan and Judge Moriarty:

"THE COURT: Before we go any further, Mr. Logan, you look familiar. Have I had a hearing with you before in mediation or something?
"[Logan]: That would be correct.
"THE COURT: Okay. A hearing or mediation?
"[Logan]: Mediation.
"THE COURT: On this case?
"[Logan]: On the 1507?
"THE COURT: No. On the underlying facts of which you're here on today.
"[Logan]: Correct.
"THE COURT: Okay. Do you have any problem with me hearing this case?
"[Logan]: Not at all.
"THE COURT: Okay. I don't remember the facts, but my guess is, as soon as I start hearing something, stuff will come back to me, but as we sit here, nothing right now. You may proceed."

After hearing testimony from Logan and his former attorneys, Judge Moriarty denied Logan's 60-1507 motion. We affirmed this decision on appeal. *Logan v. State*, No. 116,780, 2017 WL 4562569 (Kan. App. 2017) (unpublished opinion).

In July 2018, Logan filed a motion for habeas corpus relief under 28 U.S.C. § 2254 (2016) in the United States District Court for the District of Kansas. Logan raised many of the same issues alleged in his K.S.A. 60-1507 motion. Logan also argued that the state habeas corpus proceedings were "null and void" because Judge Moriarty "had an

3

interest in the outcome as he sat as mediation judge for a plea that he himself offered initially but the state had not at that time." Logan also claimed that Sokoloff was ineffective in failing to raise the issue of Judge Moriarty's bias. The federal district court issued an order to show cause, ordering the State to file a response to Logan's motion within 30 days, but noted: "It appears that one issue, alleging that the state habeas corpus action is null and void due to judicial bias, has been procedurally defaulted."

In May 2019, Logan filed a second pro se motion under K.S.A. 60-1507. In the motion, Logan argued: (1) actual innocence based on an alibi defense, (2) Judge Moriarty's presence at the mediation disqualified him from hearing the first K.S.A. 60-1507 motion because he had a stake in the outcome of the criminal case and was "a witness to [the] State not offering [a] plea," and (3) Sokoloff provided ineffective assistance of counsel in failing to raise the issue of Judge Moriarty's conflict of interest. Logan also claimed he only learned that he needed to first raise the conflict of interest issue in state court when the federal district court held the issue was procedurally barred.

The district court summarily denied Logan's motion on procedural grounds, finding the motion was untimely filed and was successive to his first 60-1507 motion. In rejecting Logan's judicial conflict of interest argument, the district court concluded that Logan had waived any conflict.

LEGAL ANALYSIS

On appeal, Logan argues the district court erred in summarily denying his K.S.A. 60-1507 motion as untimely and successive.

A district court has three options when presented with a K.S.A. 60-1507 motion: It can summarily dismiss the motion if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," hold a preliminary hearing

4

and deny the motion if there are no substantial issues presented, or conduct a full evidentiary hearing on the issues. K.S.A. 2019 Supp. 60-1507(b); *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing the right to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Sola-Morales*, 300 Kan. at 881. When, as here, the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Generally, a movant seeking relief under K.S.A. 60-1507 only has one year from the date the mandate was issued in his or her direct appeal to file the motion. K.S.A. 2019 Supp. 60-1507(f)(1)(A). The mandate in Logan's direct appeal was issued on September 2, 2014. He timely filed his first K.S.A. 60-1507 motion on July 1, 2015. Logan filed his second habeas motion in May 2019, well past the one-year time limit. The one-year time limit "may be extended by the court only to prevent a manifest injustice." K.S.A. 2019 Supp. 60-1507(f)(2). Effective July 1, 2016, the Legislature amended subsection (f)(2) and limited the factors a court may consider when determining whether the manifest injustice exception applies to "(1) a movant's reasons for the failure to timely file the motion . . . or (2) a movant's claim of actual innocence." *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). We apply the amended statute to Logan because it was in effect when he filed his second habeas motion.

A pro se pleading is liberally construed to give effect to substance rather than form. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Although Logan did not specifically acknowledge the untimeliness of his motion, he addressed both manifest

injustice factors, alleging: (1) actual innocence based on an alibi defense and (2) ignorance of the requirement that he exhaust the judicial conflict issue in state court before filing a federal habeas motion. Logan's argument on appeal is limited to the latter claim, so he has waived his actual innocence argument. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issue not briefed is deemed waived or abandoned).

To support his claim of manifest injustice, Logan argues that he tried to exhaust all procedural remedies available to him but could not timely raise the judicial conflict issue because it did not arise until his first K.S.A. 60-1507 motion was resolved, well past the one-year time limit. The following chronology is relevant to Logan's argument:

- The mandate in Logan's direct appeal was issued on September 2, 2014.
- Logan timely filed his first K.S.A. 60-1507 motion on July 1, 2015.
  The mandate in that case was issued on May 22, 2018.
- Logan filed his federal motion for habeas corpus relief under 28 U.S.C. § 2254 on July 24, 2018. The federal court issued its order to show cause on February 27, 2019.
- Logan filed his second K.S.A. 60-1507 motion on May 30, 2019.

Logan's manifest injustice argument centers on his attempt to exhaust his judicial conflict claim in federal court. But manifest injustice may exist for a different reason. Even though Logan's second K.S.A. 60-1507 motion was not filed within one year after his direct appeal was final, a timely collateral attack alleging ineffective assistance of habeas corpus counsel might constitute manifest injustice and serve as a basis for tolling the one-year time limitation for filing a habeas corpus motion. To that end, an inquiry into the manifest injustice of barring a second collateral proceeding necessarily involves a consideration of the time frame in which the second collateral proceeding is brought. See *State v. Cox*, No. 104,292, 2011 WL 6382755, at *3-4 (Kan. App. 2011) (unpublished

6

opinion) (finding no manifest injustice to excuse time limit given unexplained, three-year delay in seeking habeas review of attorney's error in prior habeas proceeding); *Pouncil v. State*, No. 98,276, 2008 WL 2251221, at *6-7 (Kan. App. 2008) (unpublished opinion) (finding no manifest injustice to excuse time limit given unexplained delay of over five years in seeking habeas review of attorney's error in prior habeas proceeding).

The mandate in Logan's first K.S.A. 60-1507 case was issued on May 22, 2018. Logan filed his second 60-1507 motion on May 30, 2019. Under the prison mailbox rule, a habeas motion is considered filed when it is delivered to prison authorities for mailing. *Sauls v. McKune*, 45 Kan. App. 2d 915, 916, 260 P.3d 95 (2011). Here, it is unclear when Logan delivered his motion to prison authorities for mailing, but he did sign the motion on April 29, 2019. Under these circumstances, we find that extension of the one-year time limit is necessary to prevent a manifest injustice. See K.S.A. 2019 Supp. 60-1507(f)(2).

In addition to finding Logan's 60-1507 motion procedurally barred as untimely, the district court also found it was successive. Generally, a district court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. K.S.A. 2019 Supp. 60-1507(c); Kansas Supreme Court Rule 183(d) (2020 Kan. S. Ct. R. 224) (courts "may not consider a second or successive motion for relief" from the same prisoner when "[1] the ground for relief was determined adversely to the movant on a prior motion; [2] the prior determination was on the merits; and [3] justice would not be served by reaching the merits of the subsequent motion"). Although the district court correctly found that Logan's claim of actual innocence based on an alibi defense was successive, Logan's allegations about judicial conflict during the K.S.A. 60-1507 hearing and ineffective assistance of counsel from Sokoloff during that hearing arose after Logan filed his original K.S.A. 60-1507 motion. Thus, the judicial conflict claims would not be considered successive under Rule 183(d).

Despite our finding that Logan's second K.S.A. 60-1507 motion was neither untimely nor successive with respect to his claims of judicial conflict and ineffective assistance of counsel, he is not entitled to relief on the merits of these claims.

Logan argued in his motion that (1) Judge Moriarty was disqualified from hearing the first K.S.A. 60-1507 motion because the judge had a stake in the outcome of the criminal case and was "a witness to [the] State not offering [a] plea" during the mediation process and (2) Sokoloff was ineffective in failing to address the judicial conflict issue.

The record reflects that Judge Moriarty conducted a criminal mediation between the parties in March 2009. Seven years later, the judge presided over Logan's evidentiary hearing on his first K.S.A. 60-1507 motion. Before Logan's testimony at the hearing, Judge Moriarty recognized that he had participated in Logan's mediation and obtained Logan's consent to hear the 60-1507 case. Other than the fact of Judge Moriarty's participation in both Logan's mediation and his 60-1507 case, there is no record of the mediation proceedings or any evidence to support Logan's conclusory claims that the judge had a stake in the outcome of Logan's criminal case or was a witness to his claim that the State never offered a deal. Without such a record, Logan's claims of error fail. See *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018) (burden is on party making claim of error to designate facts in the record to support that claim; without such a record, claim of error fails); *Sola-Morales*, 300 Kan. at 881 (movant must state evidentiary basis in support of claims or evidentiary basis must appear in record).

Logan's ineffective assistance of counsel argument on this point is equally without merit. To prevail on a claim of ineffective assistance of counsel, a movant must establish (1) counsel's performance was deficient under the totality of the circumstances and (2) prejudice, i.e., a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). Although the district court did not address Logan's ineffective

8

assistance of counsel claim, an appellate court may consider such a claim for the first time on appeal when there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based on the appellate record. *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

Here, there are no factual issues that preclude review of Logan's ineffective assistance of counsel claim. Logan asserts that Sokoloff's performance was deficient in failing to address the judicial conflict, request a new judge, or ensure that Logan's waiver of any conflict was knowing and voluntary. But even if we were to accept Logan's argument that Sokoloff's performance was deficient in this regard, the record does not reflect, and Logan does not allege, how he was prejudiced as a result. Logan asserted in his motion that Judge Moriarty was "a witness to [the] State not offering [a] plea" during the mediation process. At the 60-1507 hearing, however, the issue was not whether the State had offered a plea, but whether Logan's attorneys had advised him of the State's plea offers. We outline relevant testimony from this hearing below.

Logan testified that neither Keck nor Toth communicated with him about any oral or written plea offers from the State. And Logan said that Keck never advised him about a plea offer after the mediation. According to Logan, Toth told the prosecutor that he was taking the case to trial and would not take a deal. Logan denied that he told either Keck or Toth that he did not want to engage in plea negotiations or that he was unwilling to plead.

Keck testified that she represented Logan prior to trial and throughout mediation but that she had to withdraw due to a conflict. She said that Logan played an active role in preparing for trial. Keck denied Logan's claim that she did not advise him of any plea offers. To the contrary, Keck testified that she advised him of a plea offer after mediation. Keck said that it "wasn't the best plea offer in the world" and that Logan rejected it. Keck believed that Logan would have considered a decent plea offer but was claiming his

innocence and wanted to go to trial. Keck did not have the paper file from Logan's case or any documentation of her conversations with Logan about plea offers, but she did remember discussing a plea offer with him.

Toth testified that Logan claimed to be innocent of the charges and took an active role in preparing for trial, wanting to aggressively challenge the State's evidence. Toth said that when he took over the case, "positions were kind of polarized" as to plea negotiations. But Toth said that he did discuss plea options with the prosecutor and with Logan, and that Logan was "not interested in any meaningful plea negotiations or discussions." Toth believed that Logan would have accepted a plea offer if he had been offered a lesser sentence, but Logan quickly dismissed any offers that would result in a significant sentence. Toth did not have documentation in the case file about any plea negotiations but remembered discussing plea offers with Logan.

In rejecting Logan's claim that Keck failed to advise him of any plea offers, Judge Moriarty said,

> "As far as providing no offer of a plea agreement, again, [Keck's] recollection is different than [Logan's], but that may not be the important part here. Her recollection was it was a very poor offer and . . . was not one that you [would have] considered. She said that your position was that you were innocent, that you wanted a trial, and that that's what was going to take place."

In rejecting Logan's claim against Toth on this point, the judge stated, "Mr. Toth said much the same thing as Ms. Keck and that was, unless it was a misdemeanor for time served, you weren't going to be interested [in a plea] because you maintained your innocence throughout."

On appeal, a panel of this court affirmed Judge Moriarty's decision that counsel were not ineffective in failing to discuss plea offers with Logan. Specifically, the panel

10

found the judge's decision was supported by substantial competent evidence—the testimony of both attorneys, who each said they had discussed plea offers with Logan but he was not interested in a plea. The panel noted that the judge had chosen to believe counsels' testimony and appropriately declined to reweigh the evidence or pass on the credibility of the witnesses. *Logan*, 2017 WL 4562569, at *4.

Contrary to Logan's assertion that Judge Moriarty was "a witness to [the] State not offering [a] plea" during the mediation process, the record reflects that counsel had discussions with the prosecutor about the possibility of a plea and advised Logan of the State's plea offers. Notably, Keck testified that sometime after the mediation, she discussed a plea offer with Logan that he rejected. Thus, Logan's assertion that Judge Moriarty was a potential witness to his claim that the State did not offer a plea during the mediation hearing is conclusory and without any apparent factual or evidentiary basis in the record. As a result, Logan cannot establish that the result of the K.S.A. 60-1507 hearing would have been different had Sokoloff challenged Judge Moriarty's participation in the hearing. See *Holt v. State*, 290 Kan. 491, 496, 232 P.3d 848 (2010) (mere conclusory allegations without evidentiary basis will not support ineffective assistance of counsel claim).

To avoid a summary denial of a K.S.A. 60-1507 motion, a movant has the burden to make more than conclusory contentions and must state an evidentiary basis in support of those claims or some evidentiary support must appear in the record. See *Sola-Morales*, 300 Kan. at 881. Logan fails to carry that burden here. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007) ("[A] pro se K.S.A. 60-1507 [movant] is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel."). Accordingly, the district court did not err in summarily denying Logan's second K.S.A. 60-1507 motion. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (if district

court reaches correct result, its decision will be upheld even though it relied on wrong ground or assigned erroneous reasons for its decision).

Affirmed.